MARGARET KAIN, as Administratrix, etc., Appellant, *v.*
PATRICK LARKIN et al., Respondents.

A demurrer to a complaint upon the ground that it does not state facts
    sufficient to constitute a cause of action, cannot be sustained unless it
    appears that, admitting all the facts alleged, no cause of action what-
    ever is stated. The pleading as against the demurrer will be deemed to
    allege whatever may be implied from its statements by fair and reason-
    able intendment, and the demurrer will not be sustained by simply
    showing that the facts are imperfectly or informally averred ; that the
    complaint lacks definiteness and precision, or that material facts are
    argumentatively stated.
Plaintiff's complaint alleged in substance the recovery of judgment by
    her against one of the defendants and the return of an execution
    unsatisfied ; that after the cause of action accrued, said defend-
    ant transferred his property which would be subject to the lien of
    an execution to his wife, daughter and brother, by instruments set
    forth ; that said transfers were made without consideration and
    with intent to hinder, delay and defraud the plaintiff. The relief
    asked was the setting aside of the transfers and the application of
    the property to the payment of plaintiff's judgment. At the open-
    ing of the case on trial, upon defendants' motion, the court dismissed
    the complaint on the ground that it did not state sufficient facts to
    constitute a cause of action. *Held,* error; that it was sufficiently favor-
    able to defendants to consider the question as if presented by general
    demurrer to the complaint, and so considered the complaint set forth
    facts sufficient to constitute a cause of action.
*Kain* v. *Larkin* (66 Hun, 209), reversed.

(Argued January 18, 1894; decided January 30, 1894.)

APPEAL from judgment of the General Term of the
Supreme Court in the third judicial department, entered
upon an order made November 22, 1892, which affirmed a
judgment in favor of defendants entered upon an order dis-
missing the complaint on trial and also affirmed an order
denying a motion for a new trial.

This was a judgment creditor's action brought by plaintiff,
as administratrix of David Kain, deceased, to have adjudged
and declared fraudulent and void as to her intestate, a transfer
of certain real estate made by the defendant, Patrick Larkin,
to his daughter, Mary E. Larkin, an infant.

The material facts are stated in the opinion.

*G. R. Adams* for appellant.   The sufficiency of a pleading cannot be raised for the first time in the Court of Appeals. It cannot consider a matter or subject that has not been presented by adjudication to, and determined by, the subordinate court.   It has no power to review errors not pointed out by exceptions taken at a proper time.   (Code Civ. Pro. §§ 996, 1337; *Ilofheimer* v. *Campbell*, 59 N. Y. 269; 271, 272; *Delaney* v. *Brett*. 51 id. 78, 82; *S. O. Co.* v. *A. Ins. Co.*, 79 id. 506; *Knapp* v. *Simon*, 96 id. 291, 292; *Duryea* v. *Vosburgh*, 121 id. 57.)   Under the liberal construction required to be given to a pleading by the Code of Civil Procedure (§ 519), the complaint sufficiently alleges that Patrick Larkin transferred, after the commencement of plaintiff's suit on her lawful demand, the entire property, real and personal, of which he was the owner.   (*Zabriskie* v. *Smith*, 13 N. Y. 330; *Marie* v. *Garrison*, 83 id. 23, 28; *Sanders* v. *Soutter*, 126 id. 196; *Hale* v. *O. N. Bank*, 49 id. 626; *People* v. *Rider*, 12 id. 433; *Seeley* v. *Engell*, 13 id. 548.)   The cause of action set forth in the complaint is statutory, and the facts essential to the cause of action are alleged in the language of the statute.   (Code Civ. Pro. § 1871; *Cole* v. *Jessup*, 10 N. Y. 103, 104; *Ford* v. *Babcock*, 2 Sandf. 518; *R. R. Co.* v. *Robinson*, 133 N. Y. 242; *Knapp* v. *City of Brooklyn*, 97 id. 523; *Nicholson* v. *Leavitt*, 6 id. 517; *Burdick* v. *Post*, 12 Barb. 183; *McKiblin* v. *Martin*, 64 Penn. St. 386.)  The acts of the legislature upon the same subject are to be construed and taken together to ascertain the legislative intent as to the effect of a conveyance of property, made with the intent to defraud a creditor or other person.   (1 Kent's Comm. 463; Sedgwick on Stat. & Const. Law, 247; *Beebe* v. *Eastabrook*, 79 N. Y. 253; *Smith* v. *People*, 47 id. 339; Code Civ. Pro. § 549; *Hoyt* v. *Godfrey*, 88 N. Y. 669.)   A conveyance of real estate made by the parties thereto, with the intent to defraud creditors or other persons, is prohibited by statute, and for that reason the conveyance is void.   (Penal Code, § 586; *Wheeler* v. *Russell*, 17 Mass. 258; *Hallett* v. *Novion*, 14 Johns. 272, 290; *Hastings* v. *Farmer*, 4 N. Y.

298; *Burton* v. *P. J. P. R. Co.*, 17 Barb. 397, 404; *Swords* v. *Owen*, 43 How. Pr. 176; *S. C. Bank* v. *King*, 47 N. Y. 87; *Nellis* v. *Clark*, 20 Wend. 24; *Sweet* v. *Tinslar*, 52 Barb. 271; *Stewart* v. *Ackley*, Id. 283; *Mosley* v. *Mosley*, 15 N. Y. 335, 336.) The courts in this state have always held, and long settled the construction of the Revised Statutes as to fraudulent conveyances, that under its provisions a conveyance made with the intent to hinder, delay or defraud creditors, or other persons, as against them is void. (*Grover* v. *Wakeman*, 11 Wend. 207; *Burdick* v. *Post*, 6 N. Y. 522; *Seymour* v. *Wilson*, 14 id. 569; *Starrin* v. *Kelly*, 88 id. 421; *Billings* v. *Russell*, 101 id. 234; Sedg. on Stat. Law, 254; *Towle* v. *Forney*, 14 N. Y. 425.) Fraudulent intent in a conveyance is proven by the acts, circumstances and situation as to other property of the party making the conveyance. The transfers of other property and the disposition of all property are competent evidence to establish such intent. (Bump Fraud. Conv. [3d ed.] 591; *Babcock* v. *Eckler*, 24 N. Y. 632; *Baldwin* v. *Short*, 125 id. 553; *Loos* v. *Wilkinson*, 110 id. 195, 210, 211; *Nugent* v. *Jacobs*, 103 id. 125, 128; *Dunlap* v. *Hawkins*, 59 id. 342, 347; *Carr* v. *Breese*, 81 id. 588; *Livermore* v. *Northrup*, 44 id. 107; *Booth* v. *Bunce*, 33 id. 159; *Amsden* v. *Manchester*, 40 Barb. 158; *Newman* v. *Cordell*, 43 id. 448, 456; *Angrave* v. *Stone*, 45 id. 35; *Sweetser* v. *Bates*, 117 Mass. 466; *McLane* v. *Johnson*, 43 Vt. 48, 60; *Geisendorff* v. *Eagles*, 106 Ind. 38, 40.) If facts claimed to be essential can be proved as evidence of a fact alleged, then the complaint must be sufficient. (*Cole* v. *Jessup*, 10 N. Y. 104.) A fact which need not be proven, in every case of fraudulent conveyances, is not necessary to the sufficiency of the complaint. (*Fox* v. *Moyer*, 54 N. Y. 131; *Blake* v. *Sawin*, 10 Allen, 340, 343; *Bartholomew* v. *McKinstry*, 6 id. 567; *Walkow* v. *Kingsley*, 45 Minn. 283, 285; *Ogden* v. *Peters*, 21 N. Y. 23; *Planck* v. *Schermerhorn*, 3 Barb. Ch. 644, 645.) The sole question in voluntary conveyances, when assailed for being fraudulent before the courts of this state, has been whether there was fraudulent intent in such conveyance. The state of a debtor's property

after a voluntary conveyance has only been held important for the purpose of ascertaining the intent. (*Seward* v. *Jackson*, 8 Cow. 406 ; *Dygert* v. *Remerschnider*, 32 N. Y. 636, 637 ; *Erickson* v. *Quinn*, 47 id. 410, 413 ; *Cole* v. *Tyler*, 65 id. 73, 78 ; *Dunlap* v. *Hawkins*, 59 id. 342, 346 ; *Carr* v. *Breese*, 81 id. 584, 588, 589 ; *G. R. N. Bank* v. *Mead*, 92 id. 637 ; *Jackson* v. *Badger*, 109 id. 632 ; *Smith* v. *Reid*, 134 id. 568, 575.) In pleading, it is sufficient to charge the legal effect of a transaction, and unnecessary to set forth the evidence or circumstances attending the transaction. It is only necessary to allege the ultimate fact constituting the cause of action. (*R. R. Co.* v. *Robinson*, 133 N. Y. 242 ; 2 Wait's Pr. 313 ; *Knowles* v. *Gee*, 4 How. 317 ; *Pattison* v. *Taylor*, 8 Barb. 250 ; *Hyatt* v. *McMahon*, 25 id. 458 ; *Kelly* v. *Breusing*, 33 id. 123 ; *Cahill* v. *Palmer*, 17 Abb. Pr. 186 ; *Badeau* v. *Niles*, 9 Abb. [N. C.] 48 ; *Wooley* v. *Newcombe*, 87 N. Y. 605 ; *Rollet* v. *Heiman*, 120 Ind. 512, 514.) Every fact which must necessarily exist as creative of an ultimate fact alleged in the complaint is not only evidence, but is impliedly deemed to be alleged as a part of the pleading as much as if specifically alleged. (Bliss on Code Pl. § 176 ; 2 Wait's Pr. 315 ; *Hunt* v. *Bennett*, 19 N. Y. 173 ; *Patridge* v. *Badger*, 25 Barb. 146, 170 ; *Bank of Lowville* v. *Edwards*, 11 How. Pr. 216 ; *Marston* v. *Sweet*, 66 N. Y. 206 ; *Thayer* v. *Marsh*, 75 id. 343 ; *Marie* v. *Garrison*, 83 id. 23, 29 ; *Lorillard* v. *Clyde*, 86 id. 384.) The ruling as to the sufficiency of pleadings in fraudulent conveyances in this state has been that fraudulent intent in the conveyance is the necessary and material fact, which, if alleged, the complaint is sufficient. (*Murtha* v. *Curley*, 90 N. Y. 372 ; *Bate* v. *Graham*, 11 id. 237 ; *N. W. Bank* v. *Reed*, 27 Abb. [N. C.] 5 ; *Durant* v. *Pierson*, 29 N. Y. S. R. 510 ; *Wilcox* v. *Payne*, 28 id. 716 ; *Hastings* v. *Thurston*, 18 How. Pr. 530 ; *Jessup* v. *Halse*, 29 Barb. 540, 541 ; *B. S. Co.* v. *Foster*, 36 N. Y. 565, 566.) The complaint alleges facts which are conclusive evidence of fraudulent intent in the conveyance, viz. : That while plaintiff's suit was pending to recover her said judgment, this conveyance was

made. by the judgment debtor to his minor daughter residing with him in consideration of her future services in his care and support during life, to cover and conceal his interest therein and to prevent the collection of plaintiff's said judgment. (*Coolidge* v. *Melvin*, 42 N. H. 521, 522; *Strong* v. *Lawrence*, 58 Iowa, 55; *Lindensparker* v. *Lindensparker*, 52 Maine, 481.) The consideration of the deed being in part fraudulent and void, the whole conveyance is void, and cannot stand as a security for any part of the consideration. (*Baldwin* v. *Short*, 125 N. Y. 553; *Davis* v. *Leopold*, 87 id. 620; *Mackie* v. *Cairns*, 5 Cow. 548.) This complaint alleges a secret interest in property which creditors are entitled to have appropriated to the payment of their just demands. Where the consideration to be paid for a conveyance of real estate is the care of and future support of the grantor, such grantor has an equitable lien upon such real estate to secure the payment of such consideration. (*Chase* v. *Peck*, 21 N. Y. 581, 584, 585; *Day* v. *N. Y. C. R. R. Co.*, 51 id. 583; *Wilbur* v. *Warren*, 104 id. 192; *Gillette* v. *Bates*, 86 id. 87; *Stephens* v. *Sinclair*, 1 Hill, 143; *Jackson* v. *Mather*, 7 Cow. 301, 305; *King* v. *Wilcox*, 11 Paige, 589; *Isham* v. *Schafer*, 60 Barb. 317; *Case* v. *Phelps*, 39 N. Y. 169, 170; *Dewey* v. *Moyer*, 72 id. 76; *Murtha* v. *Curley*, 90 id. 372; *Decker* v. *Decker*, 108 id. 128.) Conveyances pending an action to prevent the collection of the recoveries when judgments are secured are held fraudulent and void. (*Jackson* v. *Meyers*, 18 Johns. 425; *King* v. *Wilcox*, 11 Paige, 589; *Jackson* v. *Mather*, 7 Cow. 301; *Pendleton* v. *Hughes*, 65 Barb. 136; *Ford* v. *Johnston*, 7 Hun, 563; *Martin* v. *Walker*, 12 id. 46.) The alleged return of an execution unsatisfied on a judgment in an action commenced before a voluntary conveyance was made is, in such a case, evidence of the grantor's insolvency at the time of such conveyance. (*Strong* v. *Lawrence*, 58 Iowa, 60; *Carlisle* v. *Rich*, 8 N. H. 44; *Emmerich* v. *Hefferan*, 26 J. & S. 218; *Elwell* v. *Walker*, 52 Iowa, 265.)

*F. A. Westbrook* for respondents. The Court of Appeals on the previous appeal in this case has decided the question

here presented. (*Kain* v. *Larkin*, 131 N. Y. 307; *Sherman* v. *Hoagland*, 54 Ind. 579; *McCole* v. *Loehr*, 79 id. 432; *Pence* v. *Croan*, 51 id. 336; *Wilbur* v. *Fradenburg*, 52 Barb. 480; *Bank* v. *Mead*, 92 N. Y. 637; *Dygert* v. *Rem.*, 32 id. 637; *Holden* v. *Burnham*, 63 id. 74.) A conveyance with any consideration, no matter how trivial, cannot be treated as a voluntary one within the meaning of the statute. (*Jackson* v. *Reed*, 4 Wend. 300, 304; *Truesdale* v. *Sarles*, 104 N. Y. 167; *Walrod* v. *Ball*, 9 Barb. 275, 276; *Potter* v. *Bank*, 28 N. Y. 655; *Parker* v. *Knox*, 40 N. Y. S. R. 36; *Dygert* v. *Rem.*, 32 N. Y. 637; *Shultz* v. *Hoagland*, 85 id. 467; *Baird* v. *Mayor*, 96 id. 567; *Broeck* v. *Rich*, 76 Mich. 644; *Sell* v. *Bailey*, 119 Ind. 151.) The rule is that one cannot prove what is not alleged. Every fact which a party must prove to establish his cause of action must be stated in the pleadings. The complaint in issue is fatally defective in this respect. (*Bailey* v. *Ryder*, 10 N. Y. 370; *Lent* v. *R. Co.*, 130 id. 504; Penal Code, § 586; *Reed* v. *Co.*, 47 Hun, 411; *Albertoli* v. *Branhan*, 80 Cal. 633; *Van Weel* v. *Winston*, 115 U. S. 228; *Wood* v. *Amory*, 105 N. Y. 278; *Brackett* v. *Griswold*, 112 id. 454; *Hotchkin* v. *Bank*, 127 id. 336; *Clark* v. *Dillon*, 97 id. 323; *Cook* v. *Warren*, 88 id. 40.) The point made by the plaintiff that this is a statutory action, and that the complaint has followed the words of the statute is not well taken. (*Austin* v. *Goodrick*, 49 N. Y. 266; *Bartlett* v. *Crozier*, 17 Johns. 440.) Defendant pursued the proper practice in moving at the opening of the trial to dismiss the complaint. (Code Civ. Pro. §§ 488, 498, 499; *Sheridan* v. *Jackson*, 72 N. Y. 170; *Tooker* v. *Arnoux*, 76 id. 400; *Southwick* v. *Bank*, 84 id. 420; *Pope* v. *M. Co.*, 107 id. 62.) The allegation that part of the consideration was for future support is immaterial in this discussion. (*Flint* v. *Sheldon*, 13 Mass. 143; *R. R. Co.* v. *Hills*, 23 Vt. 681; *Corse* v. *Peck*, 102 N. Y. 513; *Vial* v. *Matthewson*, 34 Hun, 73.)

O'BRIEN, J. At the trial of this action, upon the defendants' motion, the court, without taking any proof, dismissed

the complaint upon the ground that it did not state sufficient facts to constitute a cause of action. To this ruling and direction the plaintiff's counsel excepted. The appeal, therefore, presents but a single question, and that is whether, in law, the complaint was sufficient as a pleading to give the plaintiff a standing before the court sufficient to enable her to make out her case by proof if she could. The learned trial judge, as well as the General Term, have apparently reached this conclusion upon the theory that this court, when the case was here on a former appeal, decided that sufficient facts had not been averred. (*Kain* v. *Larkin,* 131 N. Y. 300.) In this respect we think that the learned courts below have misapprehended the legal effect of that decision. A careful reading of the opinion of this court upon that appeal will show that we reversed the judgment then before us, rendered after a full trial, upon the ground that the facts and circumstances disclosed by the record, as it then appeared, did not sustain the findings and conclusion of the court which set aside, as void, the conveyance and transfer attacked, and not because the complaint was defective. It is true, that in discussing the questions then before us, and in pointing out defects in the proof, it was remarked that certain facts had not been proved nor alleged, but it is nowhere intimated that the complaint was defective, or that the necessary facts could not have been proven under it at the trial. Our decision proceeded upon the ground that the proofs, not the pleading, were defective and insufficient. It will be sufficiently favorable to the defendants to consider the complaint as now before us upon a general demurrer upon the ground that it does not state facts sufficient to constitute a cause of action. In such a case the demurrer cannot be sustained unless it appears, admitting all the facts alleged, that no cause of action whatever is stated. The demurrer cannot be sustained simply by showing that facts are imperfectly or informally averred, or that the pleading lacks definiteness and precision, or that material facts are only argumentatively averred. The pleading may be deficient in technical language or in logical statement, but, as

against a demurrer or a motion of this character at the trial, the pleading will be deemed to allege whatever can be implied from its statements by fair and reasonable intendment. (*Zabriskie* v. *Smith*, 13 N. Y. 330; *Marie* v. *Garrison*, 83 id. 14, 23; *Sanders* v. *Soutter*, 126 id. 193.) The complaint in this case clearly avers the recovery of a judgment by the plaintiff against one of the defendants and the return of an execution issued thereon unsatisfied; that the judgment is still due; that after the cause of action accrued the defendant transferred his property which would be subject to the lien of an execution to his wife, daughter and brother by instruments particularly described, and that by the death of the wife and through a satisfaction of the mortgage on the real estate by the brother, and a deed to her by the plaintiff, all this property has become vested in and is now held by the daughter, who has been made a defendant, and has answered the complaint. The complaint then avers that the deed, mortgage and transfer of money in bank to defendant's credit to his wife, daughter and brother, were made without consideration, and with the intent to hinder, delay and defraud the plaintiff of her claim. The relief demanded is that the conveyances and transfer be set aside and declared void, and that a receiver be appointed for the purpose of applying the property to the payment of the judgment. For the purpose of the question now before us, we can assume that these facts all stand admitted upon the record, and when so admitted they establish a cause of action by a judgment creditor against the defendant in the execution, and his fraudulent grantees or transferees entitling him to equitable relief. A fraudulent intent on the part of the grantor and grantee is averred. The evidence necessary to support these allegations of a fraudulent intent may be, and usually is, made up of many different facts and circumstances, but it is not necessary to insert them in a pleading, and it is generally improper to do so. The pecuniary condition of the defendant at the time, the extent of his property, the part transferred and that retained, as well as the nature and extent of the plaintiff's claim, which

subsequently ripened into a judgment, were all facts bearing on the general allegation of fraud. The plaintiff could prove all these facts and circumstances under her complaint. The general allegation that a conveyance or transfer of property was made with the intent to hinder, delay and defraud creditors is broad and sweeping in its operation and effect. It involves many elements, and may, before it can be deemed established, require proof of many other facts and circumstances which may be given in evidence under the general charge, without inserting them in the pleading. We think that the plaintiff is entitled to an opportunity to prove her case, and supply, if she can, the defects in the proof pointed out by us in the review of the former judgment, and that the direction dismissing the complaint was erroneous.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.