THE CITIZENS' NATIONAL BANK of Saratoga Springs, Respondent, *v.* CHARLES H. HODGES, Impleaded with JOHN W. CRANE and Others, Appellants.

JOHN P. B. HABERLIN, Respondent, *v.* EDWARD A. HODGES, Impleaded with AUGUSTUS A. TRIM and Another, Appellants.

*Fraudulent transfers — complaint in a creditor's suit — allegation as to the return of an execution — an allegation that the plaintiff is without remedy is unnecessary — proof under the charge that the transfer was fraudulent.*

The complaint in a creditor's action, brought to set aside a deed and mortgage and an assignment for the alleged benefit of creditors, after setting forth the recovery of several judgments and the docketing of the same in a specified county clerk's office, alleged " that thereafter and on the same day an execution upon each of said judgments was duly issued to the sheriff of said Saratoga county, where said defendants then resided and yet reside, which executions were thereafter and before the commencement of this action duly returned by said sheriff unsatisfied, and said ˙ judgments still remain wholly unpaid and unsatisfied."

*Held*, that under such allegation proof might be given upon the trial, showing both the kind of an execution issued and against whom it was issued, whether against one or all of the defendants.

In such an action it is not necessary to allege that the plaintiffs are without remedy because the defendants have disposed of all their property, when a fraudulent intent on the part of the grantor or grantee ˙ is averred.

The general allegation that a conveyance or transfer of property was made with the¸ intent to hinder, delay and defraud creditors is broad and sweeping in its operation and effect.   It involves many elements, and may, before it can be deemed established, require proof of many other facts and circumstances which may be given in evidence under the general charge without inserting them in the pleading.

APPEALS by the defendants, John W. Crane and others, and the defendants, Augustus A. Trim and another, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Saratoga on the 13th day of March, 1894, after a trial at the St. Lawrence Special Term, overruling the defendants' demurrer to the plaintiff's complaint, and also from an order made at the St. Lawrence Special Term and entered in the office of the clerk of the county of Saratoga on the 13th day of March, 1894, overruling said demurrer.

This action was brought to obtain a judgment adjudging to be fraudulent and void as to creditors several instruments of transfer, assignment and mortgage.

*J. W. Crane,* for the appellants.

*D. E. Wing,* for the respondents.

HERRICK, J.:

It seems to me that the case of *Kain* v. *Larkin* (141 N. Y. 144) disposes of these cases.

That case has been twice to the Court of Appeals, and the complaint therein been subjected to the keenest scrutiny, and if that complaint is sufficient it seems to me that those in the cases now before us must be.

The complaints in these cases are much more full and complete in their allegations than was the complaint in the case of *Kain* v. *Larkin.* Both allege the ownership and possession of property by some of the defendants, and that while so owning and in possession of such property they became indebted to the plaintiffs; that the plaintiffs recovered judgments against them; that executions were issued upon such judgments, and returned wholly unsatisfied and unpaid, and that the judgments remain wholly unpaid and unsatisfied. They allege that after contracting such several debts such defendants conveyed away their property to others of the defendants; that upon one piece of property a mortgage was given, and allege that the several deeds and mortgages, and assignment of mortgages, were and each of them was made, given and executed without any actual consideration, or for a fictitious consideration, and with the intent on the part of the person so conveying and

mortgaging to hinder, delay and defraud creditors, and with the intent to secrete and dispose of such property.; they also set forth the execution of a general assignment for the benefit of creditors, and allege that such assignment was made with the intent to hinder, delay and defraud the defendants' creditors, and with the intent and purpose of subsequently acquiring title to such assigned property for much less than its full value; that is, nominally in the name of some other person, but really and actually for the benefit of the defendants, through a sale by the assignee. After making the specific allegations of the transfer and mortgage of the real estate, the complaints allege that the debtor defendants, with the like fraudulent intent and purpose, have transferred and disposed of all their personal property and property of every kind subject to levy and sale under execution, so that neither of them has any property or the title thereto out of which plaintiffs' said judgment and execution against them can be satisfied, and allege that unless defendants' said property can be reached, to compel the payment of such judgments, the same must remain unpaid and the plaintiffs will be wholly remediless. The allegations, it seems to me, are sufficient.

In the case of *Kain* v. *Larkin* the court said : " The complaint in this case clearly avers the recovery of a judgment by the plaintiff against one of the defendants and the return of an execution issued thereon unsatisfied ; that the judgment is still due ; that after the cause of action accrued the defendant transferred his property which would be subject to the lien of an execution to his wife, daughter and brother, by instruments particularly described, and that by the death of the wife and through a satisfaction of the mortgage on the real estate by the brother, and a deed to her by the plaintiff, all this property has become vested in and is now held by the daughter, who has been made a defendant, and has answered the complaint. The complaint then avers that the deed, mortgage and transfer of money in bank to defendant's credit to his wife, daughter and brother were made without consideration, and with the intent to hinder, delay and defraud the plaintiff of her claim."

It will be seen from this resumé of the complaint in that case by the court that, as I have before stated, such complaint was much

more meagre than the ones we have now under consideration. It is claimed that there is no allegation in the complaint in the first-entitled action that the plaintiff has exhausted its remedy by execution; that there is no allegation that an execution has been issued against the *property* of the defendants; that the complaint does not show what kind of an execution was issued; and it is claimed that it should appear from the complaint that an execution has been issued against the defendants' *property.*

After setting forth the recovery of several judgments entered and docketed in the Saratoga county clerk's office, the complaint then states : " That thereafter and on the same day an execution upon each of said judgments was duly issued to the sheriff of said Saratoga county, where said defendants then resided and yet reside, which executions were thereafter and before the commencement of this action duly returned by said sheriff unsatisfied, and said judgments still remain wholly unpaid and unsatisfied."

Under such an allegation it seems to me that evidence can be given showing both the kind of an execution issued and against whom it was issued, whether against one or all of the defendants.

An inspection of the record in the case of *Kain* v. *Larkin* shows that the complaint sets forth the issuing of an execution in that case, in the following language :

" An execution on said judgment was duly issued and delivered to the sheriff of the county of Ulster, where Patrick Larkin resided and yet resides, and that the said sheriff has duly returned said execution wholly unsatisfied, and that said judgment remains wholly unpaid."

It will be seen that the language is very similar to that used in the complaint in this case, and that it does not allege the issuing of an execution against property.

Another criticism of the complaints now before us is, that they do not show that the defendants have transferred all their property, so that they are wholly without means of satisfying the plaintiff's judgments.

An inspection of the complaint in the case of *Kain* v. *Larkin* shows that there is no such allegation in that case, whereas in these cases we have now under consideration there is the following allegation : " That said defendants Hodges and Trim have with the like

fraudulent intent and purpose transferred, delivered and disposed of all their personal property subject to levy and sale under execution, so that neither of them has any property or the title thereto out of which plaintiff's said judgments and executions against them can be satisfied."

The other defendants are the assignees and grantees named in the several instruments by which Hodges and Trim disposed of their property. It seems to me that the allegation is sufficiently broad to admit proof under it, showing that they had disposed of all their property, and necessarily shows that the plaintiffs would be prevented by any ordinary process of law from recovering their claims against them.

But under the case of *Kain* v. *Larkin*, it does not seem necessary to allege that the plaintiffs are remediless because the defendants have disposed of all their property.

" A fraudulent intent on the part of the grantor and grantee is averred. The evidence necessary to support these allegations of a fraudulent intent may be, and usually is, made up of many different facts and circumstances, but it is not necessary to insert them in a pleading, and it is generally improper to do so. The pecuniary condition of the defendant at the time, the extent of his property, the part transferred and that retained, as well as the nature and extent of the plaintiff's claim, which subsequently ripened into a judgment, were all facts bearing on the general allegation of fraud. The plaintiff could prove all these facts and circumstances under her complaint. The general allegation that a conveyance or transfer of property was made with the intent to hinder, delay and defraud creditors, is broad and sweeping in its operation and effect. It involves many elements, and may, before it can be deemed established, require proof of many other facts and circumstances which may be given in evidence under the general charge, without inserting them in the pleading."

The judgments appealed from should be affirmed, with costs.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgments affirmed, with costs.