(21 Misc. Rep. 714.)

## DELANO v. RICE.

(Supreme Court, Special Term, New York County. June, 1897.)

1. RESCISSION OF CONTRACT—PRECEDENT RESTORATION.
    A precedent restoration is not necessary to support an action for rescission.
2. PLEADING—DEMURRER—INDEFINITENESS.
    A pleading that is obscure and indefinite is sufficient on demurrer if a cause of action may be inferred from its averments.
3. CONTRACTS—RESCISSION—MISREPRESENTATION.
    A president of a magazine publishing company may rescind a contract to pay $30,000 for shares of the company's stock, having no pecuniary value, where he made such contract relying on the seller's representation, which the seller knew was false, that a combination had been formed with sufficient stock to depose the president from his position and control of the magazine.
4. SAME.
    It is no defense to an action to cancel a contract because of fraudulent representations of the other party that plaintiff might have ascertained the falsity of the statements by inquiry.

Action by Warren Delano, Jr., against Isaac L. Rice. On demurrer to counterclaim. Overruled.

Horace E. Deming, for plaintiff.
Nathan Bijur, for defendant.

PRYOR, J.　The action is for $20,172.40, balance due on the purchase of stock in the Forum Publishing Company.　On the ground of a fraudulent misrepresentation, the defendant, by formal counterclaim, demands a rescission of the sale, and the return of the $30,139 cash payment.　The plaintiff demurs to the counterclaim for insufficiency in substance.

A party induced by fraud to purchase property has an election between three remedies:　He may stand to the bargain, and recover damages for the deceit; or, upon restitution of what he has received under the contract, he may rescind it, and reclaim the purchase price; or, upon an offer of restitution in his complaint, he may sue in equity for a rescission of the sale and incidental relief.　Vail v. Reynolds, 118 N. Y. 297, 302, 303, 23 N. E. 301; Gould v. Bank, 86 N. Y. 75, 83; Allerton v. Allerton, 50 N. Y. 670.　The counterclaim purports to be an action for rescission, and, accordingly, a precedent restoration is not necessary to its support.　Cases supra.

The pleading undoubtedly is obscure and indefinite, but the remedy for these defects is by motion; and, as against the demurrer, it suffices if, from the averments, a cause of action may be inferred. Kain v. Larkin, 141 N. Y. 144, 36 N. E. 9; Milliken v. Telegraph Co., 110 N. Y. 403, 18 N. E. 251.　In substance, the counterclaim alleges that the defendant was president of the Forum Publishing Company, and in control of the conduct and policy of the Forum Magazine; that plaintiff represented to him that a combination had been formed, with sufficient stock, to depose him from such position and control; and that thereupon, to secure himself in such position and control, he engaged for the purchase of plaintiff's shares.　The demurrer concedes that the statement was made, that it was false to the knowledge of plaintiff, and that in reliance upon it defendant entered into the contract.　It is argued, however, that the representation was immaterial; but such it could not be, since it was the actual inducement to the purchase by defendant.　Leake, Cont. 313.　It is objected, too, that the defendant is not damaged; and yet he has paid $30,000 for stock admitted to be of no pecuniary value.　It is urged, again, that by inquiry defendant might have ascertained the falsity of the statement; but he was under no obligation to make such inquiry.　Mead v. Bunn, 32 N. Y. 275; Brown v. Post, 1 Hun, 304, affirmed 62 N. Y. 651.　It is insisted, finally, that defendant acquired what he coveted, namely, the controlling interest in the stock of the company; but that interest he would not have desired or purchased but for plaintiff's false representation.

Demurrer overruled, with leave to reply on the usual terms.