(63 App. Div. 422.)

## RICHTER v. NIMMO.

(Supreme Court, Appellate Division, Second Department. July 25, 1901.)

BANKRUPTCY—ACTION BY TRUSTEE—PLEADING—IMPLICATION.

    In an action by a trustee in bankruptcy, an allegation that a creditor, well knowing the insolvent condition of the debtor, sued, and that thereafter $100 were paid such creditor on account of his claim, is sufficient, without stating that such sum was paid out of the debtor's estate, to show a preference, since such necessary fact was implied.

Appeal from special term, Kings county.

Action by Oscar Richter, as trustee in bankruptcy of David M. Torrey, bankrupt, against Andrew Nimmo. From an interlocutory order in favor of defendant, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Henry Cooper, for appellant.
Louis F. Doyle, for respondent.

JENKS, J. Plaintiff sues to recover $100. He complains that Torrey was adjudicated a bankrupt in December, 1898; that defendant sued Torrey in October, 1898, to recover $300, and attached property of Torrey; that at the time Torrey was insolvent, as defendant well knew; and further alleges: "Seventh. That thereafter one hundred dollars was paid to said defendant on account of said claim." The defendant contends that this allegation is insufficient, in that it does not allege that the $100 was paid by Torrey out of his estate, and therefore, for aught pleaded, it may have been paid by some third person, and not out of the funds of Torrey. His demurrer, taken upon this ground, was sustained, and the plaintiff appeals.

The cause of action depends upon the fact that Torrey, in effect, gave a preference to the defendant, and therefore requires allegation and proof that the payment was made out of his estate. I think that we may properly consider that this right of action, founded upon a statute, is directed against a virtual preference, and of course does not lie unless the money sought to be recovered thereby had been received in depletion of the bankrupt's estate. Imperfect pleading is not fatal. Kain v. Larkin, 141 N. Y. 144, 36 N. E. 9. I am of opinion that it may be fairly and reasonably inferred from the standing allegation that the charge is that the payment was made from Torrey's funds, and I think that evidence of such fact is admissible under the allegation. The pleading is not to be commended, but I think that it is sufficient, under the authorities, to put the defendant to his answer. Coatsworth v. Railway Co., 156 N. Y. 451, 51 N. E. 301; Sage v. Culver, 147 N. Y. 241, 41 N. E. 513; Kain v. Larkin, supra. The facts, if stated by implication, are none the less traversable. Marie v. Garrison, 83 N. Y. 14; Sage v. Culver, supra. The interlocutory judgment is reversed, with costs. All concur.