MERRITT W. BARDWELL, Respondent, v. ROBERT BLACK, Appellant.

Third Department, November 21, 1919.

Pleading — practice — demurrer to complaint and motion by plaintiff for judgment on the pleadings — suit for an accounting as to profits of farm worked on shares — complaint stating cause in equity.

Where the defendant demurred to a complaint and served a notice of argument and thereafter the plaintiff served a notice of motion for judgment upon the pleadings, and the parties stipulated that the hearing of the demurrer be held open until a decision of the motion for judgment on the pleadings, it was proper for the court on the latter motion to overrule the defendant's objection upon the ground that it had already demurred and to overrule the demurrer with leave to plead over with a provision for judgment for the plaintiff should the defendant fail to answer.   Although there was some conflict in the proceedings and it might have been better form to have permitted the argument to come on under the defendant's notice, there was no such substantial invasion of the defendant's rights as would justify the interference of the appellate court on account of the alleged irregularity.

A complaint which in substance alleges that the defendant leased his farm for a year to the plaintiff who was to work the same on shares, the profits

to be divided equally between the parties, but that after the plaintiff had produced goods of a certain value the contract was terminated by mutual agreement owing to the fact that the plaintiff was called upon to serve the government during the war under the Selective Service Law, and that the defendant has sold the farm products produced by the plaintiff, has received the moneys therefor, and has refused to account upon demand, or to pay over to the plaintiff his just portion, with a prayer for an accounting and judgment for such sum as may be found due thereon, states a cause in equity as against a demurrer for insufficiency.

Under the circumstances the plaintiff's remedy at law is not complete and adequate and there was a joint adventure in the nature of a partnership which entitled the plaintiff to an accounting.

APPEAL by the defendant, Robert Black, from an order of the Supreme Court, made at the Washington Special Term, and entered in the office of the clerk of said county on the 27th day of November, 1918, overruling the preliminary objections raised by the defendant and overruling the demurrer to the amended complaint and granting judgment in favor of the plaintiff on the pleadings.

*Wemple & Peters* [*Roy W. Peters* of counsel], for the appellant.

*J. B. McCormick,* for the respondent.

WOODWARD, J.:

The complaint alleges that the parties, on or about the 25th day of October, 1916, entered into a contract in writing by the terms of which the defendant let and demised certain premises, comprising a farm of about one hundred acres, to the plaintiff; that it was agreed that each of the parties should furnish one-half of the necessary seed, fertilizer, etc., and that the plaintiff should furnish team, tools, machinery, etc. necessary to the proper tillage of the farm, and that the produce of said farm should be equally divided between them. The contract was to run for a period of one year. The complaint further alleges some modifications of such written contract, but it does not appear whether these were in writing or not. It is alleged that, acting under the contract so modified, the plaintiff fulfilled the conditions thereof, and produced goods to the value of approximately $1,000, which became the joint property of the parties. The complaint then sets up that the plaintiff was called upon, under

the Selective Service Law, to serve the United States government in the recent war, which necessitated his leaving the farm on the 5th day of October, 1917, which necessitated a further modification of the contract, involving a provision for the sale of the produce of the farm up to that time and a virtual termination of the contract and a division of the sums realized. This is followed by an allegation to the effect that the defendant sold various groups of farm products for sums unknown to the plaintiff, but believed to exceed certain named amounts, which sums belonged to the parties jointly, and that the defendant has received the moneys resulting from the sale for the joint use of the parties hereto, and that the defendant has refused to state the amount which he has received or to pay over to the plaintiff his just portion of the same; that the plaintiff has no knowledge or information as to these amounts. The prayer for judgment is for an accounting and for judgment in favor of the plaintiff for such amount as may be found due upon such accounting.

The defendant on the 26th day of September, 1918, demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, and on the following day the defendant served notice of argument on the demurrer to be heard in the city of Schenectady on the eleventh day of November. On the 4th day of October, 1918, the plaintiff's attorney served a notice of motion that " upon the pleadings in this case and the papers referred to in the amended complaint the undersigned will move this court and a motion will be made at the next special term of this court, appointed to be held at the court house in the village of Hudson Falls, N. Y., in and for the county of Washington, on the 12th day of October, 1918, at the opening of the court," etc., " for a rule or order in this action directing that the plaintiff have the judgment as prayed for in the amended complaint in this action, and that the issue of law raised thereby be disposed of on this motion," etc. On the 11th day of November, 1918, the attorneys for the parties entered into a stipulation that " the hearing on the motion for demurrer in the above-entitled action before Justice SALISBURY, to be held at Schenectady Trial Term on November 11th, 1918, at ten o'clock A. M., be held open until Justice VAN KIRK's decision

on the motion for judgment on the pleadings held at Greenwich, New York, on October 26th, 1918, is received," and that " if either party determine the hearing on the motion for demurrer be necessary following such decision of Justice VAN KIRK, that either party may bring such demurrer on," etc.

Upon the argument of the motion for judgment on the pleadings defendant's attorney objected to the court taking action on the ground that the defendant had already duly noticed the argument of the demurrer. This objection was overruled, and the court at Special Term appears to have practically disregarded the motion of the plaintiff for judgment on the pleadings, and to have overruled the defendant's demurrer, with permission to plead over on the payment of costs, and, on default in answering, directing " final judgment herein against the defendant for the relief demanded in the amended complaint, with costs."

The defendant appeals from the order overruling his preliminary objection, and from the order overruling the demurrer and directing judgment.

Under the rule laid down in *National Park Bank* v. *Billings* (144 App. Div. 536, 539) and *Keyes* v. *Lestershire Heights Realty Company* (173 id. 336), the practice pursued seems to have been the proper one, though it must be admitted that there is some conflict in the proceedings. Section 976 of the Code of Civil Procedure provides that the " issue of law may be brought on and tried at any term of court as a contested motion," and this would naturally suggest that the demurring party had a right to give the notice and to bring on the argument at such time as should be convenient to him, in the absence of action by the opposite party. But section 547 declares that " if either party is entitled to judgment upon the pleadings, the court may upon motion at any time after issue joined give judgment accordingly," and this right is specifically given to " either party," while in the former section there is merely the general right to bring the matter up as a contested motion, with no language to indicate that the mere giving of a notice of argument of the demurrer operates to nullify the provisions of section 547. " Whether an issue of law arising upon the pleadings is brought on under section 547 or section 976," say the court in *National Park Bank* v.

*Billings* (*supra*), " the order should contain the appropriate provisions to work substantial justice which have heretofore, been contained in an interlocutory decree on demurrer, such as extending leave to amend or plead over upon proper terms.", This was done in the case under consideration; and while it might have been better form to have permitted the argument to come on under the defendant's notice, we are of the opinion that there is no such substantial invasion of the defendant's rights as to justify interference with the order on account of the alleged irregularity.

Upon the merits we find little difficulty in reaching the conclusion that, as against a demurrer, the plaintiff has stated facts entitling him to relief.  Upon a general demurrer based upon the ground that the complaint fails to state the facts necessary to a cause of action, it has been said that in such a case " the demurrer cannot be sustained unless it appears, admitting all the facts alleged, that no cause of action whatever is stated.  The demurrer cannot be sustained simply by showing that facts are imperfectly or informally averred, or that the pleading lacks definiteness and precision, or that material facts are only argumentatively averred.  The pleading may be deficient in technical language or in logical statement, but, as against a demurrer or a motion of this character at the trial, the pleading will be deemed to allege whatever can be implied from its statements by fair and reasonable intendment." (*Kain* v. *Larkin,* 141 N. Y. 144, 150, and authorities there cited.)  Tried by this test, the plaintiff shows that he entered into a contract to conduct the defendant's farm on shares, under a detailed contract; that this contract was subsequently modified by mutual agreement; that still later, by reason of the operation of the Selective Service Law of the United States, the plaintiff was obliged to forego the advantages of the contract for the full term, and the contract was terminated under an agreement that the produce of the farm should be sold and the avails thereof divided upon the agreed basis; that the agreement was carried out to the extent of selling the produce, resulting in a considerable sum, the amount of which is unknown to the plaintiff, and which the defendant refuses to disclose or to pay over to the plaintiff his portion thereof, although

demand has been made. Can there be any doubt that the plaintiff has stated facts which disclose a wrong toward him? If there is a wrong then equity, if not law, gives him a right to relief. He asks for an accounting, with a decree directing the payment to him of the amount which shall be found to be due. Is there any good reason why he is not entitled to this in substance, either in equity or law? It is doubtful under the modifications in the contract and the conditions growing out of the plaintiff's service to the United States government, if the remedy at law is as complete and adequate as that which is afforded by equity. He has not had the same opportunities of knowing the facts as the defendant; the transaction between them was essentially that of a joint adventure and the circumstances which made it the duty of the defendant to close up the affair were such as to impose upon the latter very much the same duties and obligations of a copartner. The action was apparently framed upon this theory, and as against a demurrer there would seem to be no good reason why the plaintiff should not be given the relief which he asks.

The order appealed from should be affirmed, with costs, with leave to the defendant, within twenty days, upon the payment of such costs, to withdraw his demurrer and answer.

Order unanimously affirmed, with costs, with leave to the defendant, within twenty days, upon the payment of such costs, to withdraw demurrer and answer.