Harold Baer, J.
Defendants Fitelson and Mayers move for an order dismissing the complaint upon the ground that: (1) it fails to state a cause of action pursuant to CPLR 3211 (subd. [a], par. 7); (2) it fails to state in detail the circumstances constituting the fraud alleged pursuant to CPLR 3016 (subd. [b]); (3) there is a defense based upon documentary evidence pursuant to CPLR 3211, subd. [a], par. 1). This is an action to rescind an alleged overreaching and collusive contingent retainer agreement which resulted in substantial attorneys’ fees purportedly out of all proportion to the value of the professional services rendered. The attorneys’ fees are presently computed at $600,000 and, as alleged in the complaint, may well exceed $1,000,000. As aptly noted in Foley v. D’Agostino, (21 A D 2d 60, 64-65): “ Upon a 3211 (subd. [a], par. 7) motion to dismiss a cause of action, however, we look to the substance rather than to the form. Such a motion is solely directed to the inquiry whether or not the pleading, considered as a whole,£ fails to state a cause of action ’. Looseness, verbosity and excursiveness, must be overlooked on such a motion if any cause of action can be spelled out from the four corners of the pleading. (See Siegel, 38 St. John’s L. Rev., p. 205.) It was well settled and still is, of course, the rule that a pleading will not be dismissed for insufficiency merely because it is inartistically drawn. Where a pleading is attacked for alleged inadequacy in its statements, our inquiry should be limited to ‘ whether it states in some recognizable form any cause of action known to our law ’ (Dulberg v. Mock, 1 N Y 2d 54, 56). £ However imperfectly, informally or even illogically the facts may be stated, a complaint, attacked for insufficiency, is deemed to allege £ 1 whatever can be implied from its statements by fair and reasonable intendment ’ ’ (Kain v. Larkin, 141 N. Y. 144, 151.) The question for us is whether the requisite allegations of any valid cause of action cognizable by the state courts ‘ ‘ can be fairly gathered from all the averments.” ’ (Condon v. Associated Hosp. Serv., 287 N. Y. 411, 414.) ” Finally, every pleading question should be approached in the light of the Civil Practice Law and Rules enactment that pleadings £ shall be liberally construed. *414 Defects shall be ignored if a substantial right of a party is not prejudiced. ’ (CPLR 3026.) ”
Patently the complaint herein is sufficient in light of the aforementioned requirements. Judge Van Voorhis in Gair v. Peck (6 N Y 2d 97) initially notes that contingent fees are generally allowed in the United States because of their practical value in enabling a poor person with a meritorious cause of action to obtain competent counsel. In critical language the Court of Appeals further observed (pp. 106-107): “ Contingent fees may be disallowed as between attorney and client in spite of contingent fee retainer agreements, where the amount becomes large enough to be out of all proportion to the value of the professional services rendered. It matters little whether under such circumstances the formula be that the size of the fee becomes ‘ unconscionable ’ or ‘ unreasonable ’. Each word means the same thing in this context * # * 1 The word ‘ ‘ unconscionable ’ ’ has frequently been applied to contracts made by lawyers for what were deemed exorbitant contingent fees. But by that nothing more has been meant than that the. amount of the fee, standing alone and unexplained, may be sufficient to show that an unfair advantage was taken of the client or, in other words, that a legal fraud was perpetrated upon him. (Morehouse v. Brooklyn Heights R. R. Co., 185 N. Y. 520.) ’ In Matter of Friedman (136 App. Div. 750, affid. 199 N. Y. 537), where a contract for 50% of a recovery in an accident case was held not to be fraudulent per se in all instances, the court added (136 App. Div. 751-752): ‘ But the recovery may be such that what was in the first instance a fair contract becomes unfair in its enforcement * * * the recovery may be such that the lawyer’s retention of it would be unjustified and would expose him to the reproach of oppression and overreaching. He is an officer of the court and is judged as such, and technical contractual rights must yield to his duty as such officer. ’ In the decisions on this subject, of which there are many, it is recognized throughout that there comes a point where the amounts to be received by attorneys under contingent fee contracts are large enough to be unenforcible under the circumstances of the case. Sometimes these charges are unconscionable as matter of fact and in other instances as matter of law. ’ ’ In light of the aforesaid and under the circumstances as presented on the instant motion, the complaint states a cause of action.
With respect to the alleged failure of plaintiffs to comply with the pleading requirement enunciated in CPLB 3016 (subd. [b]) the amount of the contingent fee standing alone and unexplained may be sufficient to show the perpetration of a legal fraud *415 (Morehouse v. Brooklyn Heights R. R. Co., supra). Further, where the circumstances constituting an alleged fraud are peculiarly within the knowledge of the party against whom the fraud is claimed, the requirement of particularizing such fraud is relaxed (see Jered Contr. Corp. v. New York City Tr. Auth., 22 N Y 2d 187, 194). In any event defendants are sufficiently apprised of the transaction objected to and of the theory underlying plaintiffs’ objection. The special circumstances presented in the complaint coupled with the substantial amount of the attorneys’ fee render the complaint sufficient for pleading purposes under CPLR 3016 (subd. [b]).
Defendants’ remaining attack founded on purported documentary evidence is equally unavailing and appears premature. Indeed, the better practice in view of the special circumstances alleged in the complaint appears to be the service of an answer to the complaint with a subsequent motion for summary judgment under CPLR 3212. The same evidentiary materials would be available, the issues would be more sharply outlined and the circumstances more properly elaborated upon. Instead the court is faced on the instant motion with prolix papers all purported to be documentary evidence. Having examined these papers and assuming that they qualify as documentary evidence the nature of the dispute is such that further amplification of the parties’ respective contentions is mandated.
Accordingly, justice and reason warrant denial of defendants’ motion to dismiss the complaint in all respects. Defendants shall serve their answer within 10 days after service of a copy of this order with notice of entry.