Harold Baer, J.
Motions numbered 18 and 19 on the calendar of June 22,1971 are consolidated and disposed of as follows:
Plaintiffs move for an order preliminarily enjoining the defendants Sound of Music Company, Leland Hayward and Richard Halliday from making payments to the defendants Fitelson and Mayers pursuant to a retainer agreement dated May 6, 1966. This is an action to rescind the retainer agreement on the grounds that it is collusive', overreaching and unreasonable, having resulted in substantial attorneys’ fees allegedly out of all proportion to the value of the professional services rendered. The contingent retainer agreement appears to have resulted in attorneys’ fees to date of some $600,000 with expectation that same will amount to over $1,000,000. Defendants Fitelson and Mayers have already received $150,000 and plaintiffs seek to enjoin pendente lite the proposed further payment of $450,000 and any other payment. It is acknowledged that Fitelson and Mayers are successful attorneys in the entertainment field. The retainer agreement under attack relates to the conducting of arbitration proceedings on behalf of Sound of Music Company for a contingent fee of one third of any recovery, including all sums that might become due in the future.
The defendants ’ motion for an order dismissing the complaint, decided simultaneously herewith (67 Misc 2d 412) has resulted in a denial of that relief. Accordingly, in light of the court’s determination therein and under the circumstances prescribed on the instant application, plaintiffs have made an adequate demonstration to entitle them to preserve the status quo, pending a trial. The tax aspects of permitting payment of such substantial sums to individuals who it appears would be in a high tax bracket, coupled with the absence of any showing of immediate- need for these funds by such individuals, warrants under the special circumstances herein the granting of the relief requested to insure the status quo. However, defendants are clearly entitled to an undertaking in an amount sufficient to protect them. Further, though plaintiffs have made the necessary showing for the relief requested, defendants should not, in the absence of a judgment, be subject to restraint for any undue period. An early trial is directed to resolve the dispute between the parties. Accordingly, defendants may have an immediate trial upon 10 days ’ notice to the plaintiffs of their readiness to go to trial. In the event that the plaintiffs fail to consent to an immediate trial, the defendants may move to vacate the *417 preliminary injunction (National Distillers & Chem. Corp. v. Macy & Co., 23 A D 2d 51).
Settle order on two days ’ notice including suggestions as to the amount of the undertaking to be posted, before July 29,1971.