(39 Misc. Rep. 13.)

### NATIONAL BANK OF THE REPUBLIC v. THURBER.

(Supreme Court, Special Term, New York County. October, 1902.)

1. FRAUDULENT CONVEYANCE—DEATH OF GRANTOR—ACTION TO SET ASIDE.

In an action by a judgment creditor of the decedent under Laws 1897, c. 417, § 7, on behalf of itself and other creditors who might join, to require the widow of the decedent to account for certain stock alleged to have been transferred to her in fraud of creditors, it is unnecessary to allege that the administrator of the insolvent decedent had, on request, refused to sue.

2. SAME—DEFENSES

In an action against the widow of a deceased insolvent to set aside an alleged fraudulent transfer it is no defense that plaintiff had secured a preference after the decedent's insolvency, as such a preference was not fraudulent unless the creditor had knowledge of a fraudulent intent of the debtor in making it.

3. SAME.

Where an insolvent conveyed certain stock to his wife, and thereafter died, she having knowledge of equities therein in favor of her husband's creditors, it is no defense in an action to set aside the transfer that she is assignee under the plaintiff of a claim against her husband in excess of the value of the stock.

Action by the National Bank of the Republic against Nancy Thurber. Demurrer to answer. Sustained.

George S. Hastings, for plaintiff.
Henry Aplington, for defendant.

KEENER, J. This action is brought by a judgment creditor of a deceased insolvent, Horace K. Thurber, on behalf of itself and all other creditors, to require the defendant, Nancy Thurber, to account for certain stock alleged to have been transferred to her by the decedent in fraud of his creditors. The defendant has interposed an answer, and the issue now before the court arises on the plaintiff's demurrer to the "fifth" and "sixth" defenses contained therein.

The fifth defense states that more than a year after the date of the decedent's alleged insolvency he executed an instrument under seal by which he transferred to Henry W. Cannon and Henry Aplington a large amount of property, with directions that it be converted into cash, and that its proceeds be used to pay the amounts owing to the plaintiff and to five other banks, or be divided among them pro rata if insufficient for payment in full. The instrument is not before the court. The answer quotes what it states is "the language used in said instrument," and continues, "Reference to said instrument is hereby made, and the same is made a part hereof." But no copy of the instrument is annexed to the answer, nor are its contents disclosed by any pleading in the case. This is not a valid incorporation of the document. It is then alleged that later more property was put into this trust, and that over $40,000 was realized from the last-mentioned property; that the plaintiff has received dividends from these trustees; and "that there still remains certain property under the control of said trustees by virtue of said instrument, and the plaintiff herein still claims an interest therein under said instrument." The defendant contends that these allegations constitute a defense, because they demonstrate that the plaintiff, during the insolvency of Mr. Thurber, became a preferred creditor, and as a party to the trust agreement received and retained the proceeds of the trust property. The only case cited in support of this contention is New York Co. Nat. Bank v. American Surety Co., 69 App. Div. 153, 74 N. Y. Supp. 692. That was an action against the indemnitor of a sheriff for damages for the seizure and conversion of certain goods. The defendant urged that the plaintiff ought not to be permitted to recover, because it had fraudulently obtained a preference. The court, however, relied upon the jury's finding that the plaintiff was innocent of fraud. The court fully recognizes the familiar doctrine that a failing debtor has a right to prefer certain of his creditors, and that a creditor may accept a preference, provided he is without knowledge of the debtor's fraudulent intent. The preference, if such there was, in the case before us, was accepted by the plaintiff in absolute good faith, since nothing in the pleadings can justify a different inference. The complaint admits the payment of $4,472.59 on account of the plaintiff's claim of

$52,018.78 and interest, and nothing appears in the answer to indicate that the amount thus paid was greater than the sum stated. There is surely nothing fraudulent in the plaintiff's diligence in collecting this portion of its claim. And it is difficult to conceive how the plaintiff's claim upon the moneys alleged to remain in the trust fund is an indication of bad faith on its part. As the form of relief granted by the statute under which this action is brought requires the distribution of the fund, when reached, under the supervision of the court, it is clear that, even if the plaintiff were in some way an unlawfully favored creditor, which does not appear, the rights of the other creditors would be in no danger. If the fifth defense is relied upon as a plea of payment, its insufficiency is too patent for comment.

The sixth defense states that the Commercial National Bank, one of the beneficiaries under the trust above mentioned, had a claim against the decedent amounting to $491,882.36, which it assigned to the defendant before the decedent's death for a valuable consideration; that the amount of the claim so assigned and which remains unpaid is in excess of the value of the stock sought to be reached by this action. The defendant's counsel argues with some ingenuity that Mrs. Thurber ought not to be compelled to relinquish the stock because of her greater claim against the decedent's estate, although he admitted upon the argument that the claim would not give her an independent cause of action against the plaintiff. But a complete answer to this contention is that Mrs. Thurber received this stock with notice of the equities in favor of decedent's creditors. The allegations of the complaint, which stand as admitted for the purpose of this demurrer, certainly implicate her in the fraud of the transaction, and show that she took the stock with knowledge of the fraud. For the sake of illustration, suppose that this stock had been transferred to and received by the decedent in fraud of the creditors of the person transferring it to decedent, and decedent had transferred this stock to the Chemical Bank as security for its claim, the bank taking with notice of the fraud which had been so perpetrated. Surely the bank could not have resisted the claim if sued in an action like the present. The bank's assignee, then, who had notice of the fraud, is in no better position. It hardly need be added that the transfer of the stock to her was void as against existing creditors, under section 23 of the personal property law, as a trust for the use of the person creating it.

The demurrer to these defenses enables the defendant to question the sufficiency of the complaint. Baxter v. McDonnell, 154 N. Y. 432, 48 N. E. 816. It is therefore necessary to investigate its sufficiency. The complaint is drawn under section 7 of the personal property law (Laws 1897, c. 417). That section, so far as it relates to the plaintiff, is as follows:

"A creditor of a deceased insolvent debtor, having a claim against the estate of such debtor, exceeding in amount the sum of one hundred dollars, may, without obtaining a judgment on such claim, in like manner, for the benefit of himself and other creditors interested in said estate, disaffirm, treat as void and resist any act done or conveyance, transfer or agreement made in fraud of creditors or maintain an action to set aside such act, con-

veyance, transfer or agreement. Such claim, if disputed, may be established in such action. The judgment in such action may provide for the sale of the property involved, when a conveyance or transfer thereof is set aside, and that the proceeds thereof be brought into court or paid into the proper surrogate's court to be administered according to law."

It would seem difficult to express in clearer language the legislative intent to vest in a creditor a primary right to be exercised independently of the right vested in any one else. That such was the intent is apparent when it is remembered that this right was not given to creditors until an amendment enacted in 1899. Section 7 was originally chapter 314 of the Laws of 1858, which permitted an executor, administrator, receiver, assignee, or other trustee of an estate, or the property and effects of an insolvent estate, corporation, partnership, or individual, to disaffirm acts of the insolvent in fraud of its or his creditors, and to follow the insolvent's property into the hands of the fraudulent transferee by an action on behalf of the creditors. The defendant urges that, to entitle a creditor to bring this action, the complaint should have alleged that the administrator had been first requested to bring it, and had refused; citing Crouse v. Frothingham, 97 N. Y. 105; Lichtenberg v. Herdtfelder, 103 N. Y. 302, 8 N. E. 526; Spelman v. Freedman, 130 N. Y. 421, 29 N. E. 765; Ettlinger v. Carpet Co., 142 N. Y. 189, 36 N. E. 1055, 40 Am. St. Rep. 587; and Campbell v. Heiland, 55 App. Div. 95, 66 N. Y. Supp. 1116. But the defendant has failed to notice that the first and second of these cases were decided while the statute of 1858 was in force, and not under the statute in its present form. In 1889 the statute was amended (Laws 1889, c. 487) as stated above, so as to allow the prosecution of this action by a creditor. The action in Spelman v. Freedman, supra, was commenced before this statute became a law, and the decision by the court of appeals, though subsequent thereto, was controlled by the statute as it stood prior to the amendment of 1889, and is, therefore, not an authority for the defendant's contention. Of the two other cases cited, both of which are of later date than the amendment of 1889, the first—Ettlinger v. Carpet Co.—was a suit by a bondholder to procure the foreclosure of a mortgage standing in the name of a trustee. The cestui que trust was, of course, required to show why the action was not brought by the trustee, in whom the right to bring it was vested. The second—Campbell v. Heiland—presents a state of facts sufficient to bring the case under the statute under consideration. But in that case the plaintiff alleged a demand upon and refusal by the executor to bring the action. The question here raised could not, therefore, have been involved in that case. The statute of 1889 was in turn amended in 1894 (Laws 1894, c. 740), when a sentence was added regulating the judgment to be granted under this law, and was enacted in its present form in 1897, as stated above. The complaint complies with the provisions of the statute, and therefore states facts sufficient to constitute a cause of action.

The demurrer to the "fifth" and "sixth" defenses is therefore sustained, with costs. Settle decision and interlocutory judgment on two days' notice. Demurrer sustained, with costs.