(113 App. Div. 228)

### JOHNSTON v. GUNDBERG.

(Supreme Court, Appellate Division, First Department. May 11, 1906.)

FRAUDULENT CONVEYANCES—SETTING ASIDE—PARTIES.

> Under Personal Property Law, Laws 1897, p. 509, c. 417, providing that a creditor of a deceased insolvent debtor may without obtaining judgment upon his claim maintain an action to set aside as fraudulent a conveyance by debtor, etc., it is not necessary in an action to set aside a conveyance by a deceased insolvent, who died without any property, and for whose estate no administrator has ever been appointed, and whose executor is dead, to make any personal representative of the estate a party.
>
> [Ed. Note.—For cases in point, see vol. 24, Cent. Dig. Fraudulent Conveyances, § 744.]

Appeal from Special Term, New York County.

Action by John W. Johnston against Katharine Gundberg, individually, and as administratrix of the will of Dora Parks, deceased. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Wallace A. Kroter, for appellant.
George S. Daniels, for respondent.

INGRAHAM, J. The complaint alleges that in September and October, 1903, the plaintiff loaned and advanced to one Samuel Parks $1,500; that Parks died on May 4, 1904, leaving a last will and testament, which was duly admitted to probate on the 10th day of August, 1905; that by his will the said Parks left all his real and personal property to his widow, Dora Parks, and also appointed his said wife executrix; that no letters testamentary were issued to said Dora Parks, or to any other person; that said Dora Parks departed this life on or about the 27th day of September, 1905, leaving a last will and testament, which was duly admitted to probate by the surrogate of the county of New York on the 4th day of January, 1905, by which will said Dora Parks devised and bequeathed all her property, real and personal, to her mother, the defendant, Katharine Gundberg; that no executor or executrix was appointed in said will, and letters of administration with said will annexed were issued to the defendant,

Katharine Gundberg, on or about the 3d day of February, 1905. The complaint then alleges:

"That at the time of the creation of the above indebtedness to plaintiff, the said Samuel Parks was the owner of bonds of the United States Steel Corporation of the par value of ten thousand ($10,000) dollars, and that thereafter, with the intent to hinder, delay, and defraud his creditors, including this plaintiff, the said Samuel Parks transferred, assigned, and delivered all the said bonds to his wife, Dora Parks, without any consideration therefor. That thereafter said bonds remained in the possession of said Dora Parks until her death, and are now in the possession of said defendant, Katharine Gundberg, as administratrix with the will annexed of said Dora Parks, deceased. That said Samuel Parks was wholly insolvent at the time of his death, and had no assets or property in his possession. That this action is brought for the benefit of all creditors of said Samuel Parks, deceased."

The relief demanded is that the transfer of the bonds of the United States Steel Corporation be declared fraudulent and void as against the plaintiff and the other creditors of the decedent; that the defendant may be adjudged to hold the same in trust for said creditors; that a receiver of said bonds be appointed, with power to sell the same under the direction of the court, and to pay the proceeds thereof to some suitable person for distribution among the just creditors of said Samuel Parks; that the plaintiff be adjudged a creditor of said Samuel Parks in the sum of $1,500, with interest. To this complaint Katharine Gundberg, as administratrix, demurred, on the ground that it appears upon the face thereof that there is a defect of parties defendant, in that the executor, administrator, or legal representative of the estate of said Samuel Parks, deceased, is not made a party defendant. This demurrer was overruled, and from the judgment entered thereon the defendant appeals.

The complaint expressly alleges that no administrator or executor of Parks had been appointed, although his will had been admitted to probate; that he was insolvent at the time of his death, and had no assets or property in his possession; that the only question presented is whether, under those circumstances, a personal representative of Parks was a necessary defendant. This action was brought under the provisions of section 7 of the personal property law (chapter 417, p. 509, Laws 1897), which provides:

"A creditor of a deceased insolvent debtor, * * * may, without obtaining a judgment on such claim, in like manner, for the benefit of himself and other creditors interested in said estate, disaffirm, treat as void and resist any act done or conveyance, transfer or agreement made in fraud of creditors or maintain an action to set aside such act, conveyance, transfer or agreement. Such claim, if disputed, may be established in such action. The judgment in such action may provide for the sale of the property involved, when a conveyance or transfer thereof is set aside, and that the proceeds thereof be brought into court or paid into the proper Surrogate's Court to be administered according to law."

The remedy given by this statute is not a new one, but is the extension of an old and familiar remedy, by relieving the creditor of the necessity of recovering judgment and issuing execution when that would be impossible owing to the death of the debtor. Shoe & Leather Bank v. Baker, 148 N. Y. 581, 42 N. E. 1077.

We may concede that, if a representative of the estate of the debtor

had been appointed, such representative would have been a proper party to an action under this section of the personal property law; but where it appears that no personal representative of the estate has been appointed, and that the debtor died without property, I do not see that a personal representative of the debtor is a necessary party. It appears upon the face of the complaint that there is no estate of the debtor, and that no personal representative of the debtor has been appointed who can be made a party. The estate of the debtor has no interest in this controversy. The transfer which is sought to be avoided in this action devests the estate of the debtor of the property, and it can only be set aside to protect the creditors of the decedent. The controversy, therefore, is between the creditor and the transferee, and while the statute provides that the plaintiff must establish that he is a creditor of the deceased in a sum exceeding $100, he can establish that fact without the presence of a representative of the estate, as well as with one. He is bound to establish the fact that he is a creditor by competent legal proof before he can maintain the action at all, and the defendant, by putting that fact at issue, can compel that proof just as well as if a representative of the estate was a party. Cook v. Lake, 50 App. Div. 92, 63 N. Y. Supp. 818. This provision of the personal property law avoids the necessity of a creditor having obtained a judgment against the personal representative of a decedent, where the debtor has transferred property in fraud of his creditors, and died before judgment has been obtained against him.

The courts have maintained these actions constantly without making the representative of the deceased debtor a party. Shoe & Leather Bank v. Baker, 148 N. Y. 581, 42 N. E. 1077; Continental Nat. Bank. v. Moore, 83 App. Div. 419, 82 N. Y. Supp. 302. The distinction is plain between the present case and an action brought by a stockholder to recover money or property of the corporation which has been fraudulently diverted by its directors or officers; for in such a case the corporation or its receiver is a necessary party, as it is the right of the corporation which is being enforced in the action, but in an action under this provision of the personal property law it is the right of the creditor only that is being enforced, and the question is directly between the creditor and the fraudulent transferee. Under no possibility could the estate of the deceased debtor recover any of the property fraudulently transferred, as the transfer would be good as between the estate and the transferee. The court has ample power to protect the defendant upon the trial, and his protection did not require that a personal representative of the debtor should be made a party defendant.

I think, therefore, that the demurrer was properly overruled, and that the judgment should be affirmed, with costs, with leave to defendant to withdraw demurrer, and to answer on payment of costs in this court and the court below. All concur.