### CALKINS v. STEDMAN et al.

(Supreme Court, Appellate Division, Fourth Department. July 11, 1911.)

1. PLEADING (§ 8*)—CONCLUSIONS—FRAUDULENT CONVEYANCE.
   Under a complaint in an action to set aside a conveyance as fraudulent which attacks the consideration for the conveyance, and alleges that it was made while the grantor was largely indebted to the plaintiff and others, that he died insolvent, and that the conveyance was made with the intent to hinder, delay, and defraud his creditors. the particular facts and circumstances leading to the conclusion of fraud may be proved.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½; Dec. Dig. § 8.*]

2. EXECUTORS AND ADMINISTRATORS (§ 417*)—INSOLVENT ESTATES—FRAUDULENT CONVEYANCES—DEMAND FOR ACTION BY EXECUTOR OR DECEASED GRANTOR.
   Under Personal Property Law (Consol. Laws 1909, c. 41) § 19, and Real Property Law (Consol. Laws 1909, c. 50) § 268, a creditor of a deceased insolvent debtor may, for the benefit of himself and all other credi-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tors, bring an action to set aside the debtor's conveyances as fraudulent and void as to his creditors, without first demanding that the executor bring the action.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1646–1651; Dec. Dig. § 417.*]

Appeal from Trial Term, Wyoming County.

Action by James E. Calkins against Rose Stedman and others. Judgment for defendants, and plaintiff appeals. Reversed, and new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

O. H. & W. E. Hopkins and Clarence H. Beane, for appellant.
William G. Killhoffer, for respondents.

WILLIAMS, J.   The judgment should be reversed and a new trial granted, with costs to appellant to abide event.

The action was brought to set aside a conveyance of real and personal property by a husband to his wife as fraudulent and void as to the creditors of the husband, and to have real and chattel mortgages given by the wife upon such property declared fraudulent and void also. The court denied the relief asked for, and ordered judgment against the plaintiff for costs.

The conveyance of the real property was made July 13, 1907, and of the personal property April 17, 1908. The husband died May 25, 1908. The mortgages were made by the wife at various times in 1908, after the death of her husband.

[1] The plaintiff attacked the consideration for the conveyances by the husband to the wife, and fraud was based mainly upon the want of consideration and the fact that the husband was indebted to other parties, including plaintiff, and after such conveyances he had not sufficient property left to pay such indebtedness. The plaintiff relied upon the defendants for proof to sustain his action. His complaint was in the usual form, charging the conveyance of all the husband's property without consideration while he was largely indebted to others, and he then died insolvent, and that the conveyances were made with intent to hinder and delay and defraud his creditors. Among other things plaintiff sought to make proof of facts and circumstances tending to establish these things, but the court excluded much of the evidence offered, apparently upon the ground that the details sought to be established were not alleged in the complaint. This evidence was improperly excluded, and, if it had been admitted, it would seem that the fraud might have been established, and the court would not have found that no fraud was proven. That the facts and circumstances leading to the conclusion of fraud could be proved without alleging them in the complaint was held in Kain v. Larkin, 141 N. Y. 144, 151, 152, 36 N. E. 9, 10, which was an action wherein the plaintiff sought to have adjudged and declared fraudulent and void as to her intestate a transfer of certain real estate made by one of the defendants to his daughter. The court among other things said:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"The complaint averred * * * that after the cause of action accrued the defendant tranferred his property which would be subject to the lien of an execution * * * that this transfer was made without consideration and with intent to hinder, delay, and defraud the plaintiff of her claim. * * * The evidence necessary to support these allegations of a fraudulent intent may be, and usually is, made up of many different facts and circumstances, but it is not necessary to insert them in a pleading, and it is generally improper to do so. The pecuniary condition of the defendant at the time, the extent of his property, the part transferred and that retained, as well as the nature and extent of the claim, which subsequently ripened into a judgment, were all facts bearing on the general allegation of fraud. The plaintiff could prove all these facts and circumstances under her complaint. The general allegation that a conveyance or transfer of property was made with intent to hinder, delay, or defraud creditors is broad and sweeping in its operation and effect. It involves many elements, and may, before it can be deemed established, require proof of many other facts and circumstances which may be given in evidence under the general charge, without inserting them in the pleading."

See, also, Vollkommer v. Cody, 177 N. Y. 124, 130, 69 N. E. 277.

[2] But the defendants claim this action could not be maintained because plaintiff had failed to demand that the executor of the deceased debtor bring the action before plaintiff brought it himself. This question was raised on the motion for a nonsuit, but the case was not disposed of upon this ground. The court did not pass upon the question at all, but decided the case purely upon the facts, holding that fraud was not proven. The right to bring such an action as this by one creditor for the benefit of himself and all other creditors of a deceased person was expressly given by statute. See chapter 314, Laws 1858, amended by chapter 487, Laws 1889, and chapter 740, Laws 1894; section 19, Personal Property Law, and section 268, Real Property Law, and no provision or condition was contained in either statute requiring the creditor suing first to request the personal representative of the deceased debtor to bring the action. Some suggestion was made that this should be done in Prentiss v. Bowden, 145 N. Y. 342–347, 40 N. E. 13 (1895), but that was an action by the creditor for his sole personal benefit. It was not authorized by the statutes above referred to, then in force, and therefore the suggestion was obiter dicta in that case. In the following year (1896) in Shoe & Leather Bank v. Baker, 148 N. Y. 581, 584, 587, 42 N. E. 1077, such an action as this was recognized as well brought. See, also, Johnston v. Gundberg, 113 App. Div. 228, 231, 98 N. Y. Supp. 1015, and N. Bk. of Rep. v. Thurber, 39 Misc. Rep. 13, 16, 17, 78 N. Y. Supp. 766.

I think the action was properly brought under the statute, although no request was first made that the executor bring the action. There must be a reversal and a new trial by reason of the erroneous exclusion of competent material evidence offered by plaintiff.

Judgment reversed and new trial granted, with costs to appellant to abide event. All concur.