(96 Misc. Rep. 471)

### PHILLIP v. PHILLIP et al.

(Supreme Court, Equity Term, Wayne County. August 1, 1916.)

*(Syllabus by the Court.)*

1. WILLS ⬤⟶64—REVOCATION—MUTUAL WILLS.

Mutual wills, made pursuant to an agreement devising the life use of real estate to the survivor, with a remainder over to a third person, are irrevocable after the death of one of the parties.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 169, 170; Dec. Dig. ⬤⟶64.]

2. WILLS ⬤⟶65—MUTUAL WILLS—CONVEYANCE TO AVOID PERFORMANCE.

A conveyance by the survivor of real property bound by mutual wills, made under an agreement providing for the life use by the survivor with a remainder over, will be set aside, if the conveyance is made to avoid the performance of the agreement, or through fraud or undue influence.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 172; Dec. Dig. ⬤⟶65.]

Action by Harry G. Phillip against Joseph O. Phillip and another. Decree for plaintiff.

The defendant Joseph O. Phillip and his wife, Nellie M. Phillip, executed mutual wills October 16, 1909, in which they bequeathed and devised to each other their property during the natural life of each, and with remainder over on the death of each to their son, Harry G. Phillip, if alive, and, if dead, then to their daughter, Edith R. Finley, of Homer, Mich. Some time after the death of the mother the father employed a housekeeper, then known as Maggie W. Brown, who was still living with the defendant at the time of the trial. During this time the defendant Maggie W. Brown obtained from the other defendant a bond and mortgage for $1,000 upon the property covered by the wills, and later secured a warranty deed of the property. This action is brought to establish mutual wills by agreement between the father, mother, and son, and to set aside the deed, bond, and mortgage given to Maggie W. Brown for fraud and undue influence.

George S. Van Schaick and Frank J. Dinse, both of Rochester, for plaintiff.

Lewis M. Wilson, of Rochester, for defendants.

RODENBECK, J. [2] Mutual wills by an agreement of the defendant Joseph O. Phillip and Nellie M. Phillip, his wife, with the plaintiff, Harry G. Phillip, have been shown. The two former executed identical wills devising a life use of the real estate in question in this action to each other, with remainder over to the plaintiff upon the death of the survivor. These wills were executed pursuant to an agreement made between them to preserve the farm for the son in consideration of his remaining upon the farm after he became 21 years of age. He became 21 on October 20, 1905, and the wills were executed October 16, 1909. The son remained upon the farm, doing such work as was necessary, until he was forced to leave his home through the efforts of the defendant Maggie W. Brown. The agreement to make mutual wills for the benefit of the plaintiff is shown by the testimony of the scrivener who drew the wills and by conversations between the plaintiff and his mother and father. The mother's will was in the possession of the plaintiff, and he had often seen the

father's will, which was kept in the secretary in the house, and it was understood among them that the wills were made so that the farm should go to the plaintiff upon the death of the father and mother. There was not only a relationship between the parties which would make the execution of mutual wills a natural one, but in addition thereto there was a consideration therefor, consisting of the services of the son on the farm, and there was actual knowledge on the part of the plaintiff of the agreement, and performance on his part. It seems to me that the facts establish, not only mutual wills for the plaintiff's benefit, but an agreement by which they were made, which made them irrevocable after the death of one of them. Rastetter v. Hoenninger, 214 N. Y. 66, 108 N. E. 210. A conveyance made to avoid the terms of such an agreement, or through fraud, or by the exercise of undue influence, will be set aside. Id. None of these facts was disputed by Joseph O. Phillip, the father, who, if they were not true, could have so testified.

[1] This being the character of the transactions between the father, mother, and son, the father had no authority to change his will after his wife's death, for the purpose of defeating the agreement, and the conveyance and bond and mortgage given to defendant Maggie W. Brown are void for this reason. They were executed by him, however, not only in violation of the previous agreement, but through the fraud and undue influence of the defendant Maggie W. Brown. In May, 1915, the defendant Joseph O. Phillip suffered a stroke of paralysis, and about that time employed the defendant Maggie W. Brown as a housekeeper, and while in enfeebled health, by fraud and undue influence, she caused him to execute and deliver a bill of sale October 11, 1915, of one-half interest in his personal property, excepting money in the bank. She then married him, and on December 13, 1915, he executed and delivered to her a bill of sale of the remaining one-half interest in said personal property. These transfers were followed by a bond and mortgage for $1,000 on the farm, and finally a conveyance of the farm itself. The execution of these documents was clearly the result of undue influence and fraud exercised and practiced by the defendant Brown. She occupied somewhat of a confidential relation to this old man, who was infirm and suffering from a severe stroke of paralysis. She began by setting him against the son, finally succeeding in driving the son from home. She even instigated a charge against the son for stealing a feather bed, swore out a search warrant, prevailed upon his father to do likewise, complained of the plaintiff to a justice of the peace, and procured letters to be written to him. She admitted to another that her marriage was prompted by mercenary motives, and she described the defendant Phillip as foolish and childish. She represented that she was a widow, and that her husband was dead, and upon these representations she married defendant Phillip, while in fact her husband was alive, and was produced on the witness stand. These facts, and other inferences that may be drawn from the acts and circumstances, show that she was guilty of fraud and undue influence in persuading this old man to break the agreement which he had made with his deceased wife

and his son, and to turn over to her substantially all of the property he had, except some money in the bank. This conclusion is strengthened by the failure of the defendant Maggie W. Brown to appear on the witness stand and give her version of her relations with this old man and the good faith of the transactions with him.

These facts amply support the decree asked for in this action. Edson v. Parsons, 155 N. Y. 555, 50 N. E. 265; Fisher v. Bishop, 108 N. Y. 25, 15 N. E. 331, 2 Am. St. Rep. 357; Ten Eyck v. Whitbeck, 156 N. Y. 341, 50 N. E. 963. It was not necessary for the plaintiff to allege the details of the facts constituting undue influence. This influence is not always revealed in words, and it is not necessary to allege every fact showing its actual exercise, and the allegation of the general fact, accompanied by some specific instances from which the court may infer it, is sufficient. Wait, Fraudulent Conveyances, § 141, p. 213. When the facts constituting the undue influence are not known to the party alleging it, a general averment will not render the pleadings insufficient. Cyc. Pleading and Practice, pp. 686, 690; Kain v. Larkin, 141 N. Y. 144, 152, 36 N. E. 9; Calkins v. Stedman, 146 App. Div. 202, 203, 130 N. Y. Supp. 932. The conversations between the plaintiff and his mother were not prohibited, under section 829 of the Code. The father and mother held the real estate as tenants by the entirety, and upon her death he acquired no interest from her, nor can he be said to be her survivor. Each was possessed of the whole estate, and in such cases the survivor does not take as a new acquisition, but under the original limitation; his estate is simply freed from participation by the other. Washburn on Real Property, vol. 1, p. 672; Stelz v. Shreck, 128 N. Y. 263, 266, 267, 28 N. E. 510, 13 L. R. A. 325, 26 Am. St. Rep. 475.

The plaintiff is entitled to a decree establishing an agreement for mutual wills of the father and mother for his benefit, and setting aside and canceling the deed and bond and mortgage given by his father to the defendant Maggie W. Phillip.