## No. 9795.

### BROWN, ET AL. *v*. JOHANSON, ET AL.

Decided Dec. 6, 1920.   Rehearing denied Jan. 10, 1921.

Action to enforce trust growing out of the execution of reciprocal wills by husband and wife, the wife having revoked her will after the death of the husband.

Judgment for plaintiffs.

### *Affirmed.*

### *On Application for Supersedeas.*

1. CONTRACTS—*Part Performance—Statute of Frauds.* The part performance, which will bring a contract within the provisions of sec. 2664 R. S. 1908 concerning the power of courts of equity to enforce specific performance, must consist of an act or of acts which it clearly appears the performing party would not have done in the absence of the agreement or without a direct view to its performance.

2. WILLS—*Reciprocal Wills—Contract.* Where there is an agreement between two parties to execute reciprocal wills, the contract is based on the two wills considered together and so construed. Thus construed they constitute a written contract based upon mutual definite and expressed considerations.

3.        *Reciprocal Wills—Enforcement of Provisions.* Where mutual or reciprocal wills have been made pursuant to an agreement which has been executed by one of the testators dying without having made any different testamentary disposition of his property, and the other has accepted the benefits accruing to him under the will of the deceased, the agreement becomes obligatory upon the survivor and may be enforced in equity against his estate.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. CHARLES W. WATERMAN, Mr. WILLIAM A. JACKSON, Messrs. CRANSTON, PITKIN & MOORE, Mr. GEORGE C. OTTO, for plaintiffs in error.

Mr. WILLIAM V. HODGES, Mr. L. R. MEANS, Mr. JAMES GRAFTON ROGERS, Mr. GEORGE L. HODGES, for defendants in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

MR. and Mrs. J. S. Brown were married in 1883. Mr. Brown died January 15, 1913, and Mrs. Brown February 12, 1916. Plaintiffs in Error, hereinafter referred to as defendants, are their children. Defendants in Error, hereinafter referred to as plaintiffs, are the children of Mr. Brown by a former marriage.

November 5, 1910, Brown and his wife executed separate wills. These wills were drawn by the same lawyer (former U. S. Senator, Henry M. Teller, now deceased), written by the same stenographer (C. J. Northrup, who testified herein), and witnessed by the same persons (George H. and John W. Hawkins, both of whom testified herein). There is no evidence that either of these wills contained any reference to the other, or to any oral agreement between the testators. Brown's will gave one-half his estate, and a life interest in the family residence and furniture, to his wife; the other half to all his children, share and share alike. After his death this will was probated and distribution made according to its terms. On the death of Mrs. Brown her will could not be found, hence, by presumption of law, it was revoked in her lifetime and she died intestate. Her estate is in course of administration in the County Court. More than five-ninths of it remains in the hands of the administrators.

Plaintiffs contend: That these two wills were made in pursuance of an agreement between husband and wife for

the amicable and equitable distribution of their property among all the children. That in so far as the attainment of that object was concerned Mrs. Brown's will was like that of her husband. Hence upon the death of both parents all their property would be equally divided among all the children. That the revocation of Mrs. Brown's will was a violation of the contract between herself and her husband whereby her children profit to the detriment of plaintiffs. Plaintiffs therefore bring this action to enforce specific performance of the alleged contract and impress an express trust upon the property owned by Mrs. Brown at the time of her death. The trial court so found and so ordered. To review that judgment defendants bring error and the cause is now before us on their application for supersedeas.

BURKE, J., after stating the facts as above.

No good purpose can be served by a detailed review of the evidence herein. Suffice it to say that, in our judgment, it warrants the finding of the trial court of the existence of the alleged oral agreement. Assuming now that such was the contract, the validity of which we are called upon to determine, was there such part performance thereof as to bring it within the terms of Sec. 2664, R. S. 1908, and take it out of the prohibition of Sec. 2662, R. S. 1908, against the sale of real estate except by written contract expressing the consideration?

"The part performance which will withdraw such a contract from the ban of the statute must consist of an act or of acts which it clearly appears that the performing party would not have done in the absence of the agreement or without a direct view to its performance."

*Horton v. Stegmyer*, 175 Fed. 756, 760, 99 C. C. A. 332, 336 (20 Ann. Cas. 1134).

There is nothing in this record to indicate that J. S. Brown wished, or had any reason to wish, to discriminate between his children by his first and second marriage. To presume that he executed, and left in existence for more than two years, and until his death, a will, which, if the agreement between himself and his wife were violated,

must result in a gross discrimination, is to presume the performance of an act on his part which it clearly appears he would not have performed without a direct view to the performance of the contract on the part of Mrs. Brown. There is ample oral evidence to support this conclusion.

It is contended on behalf of defendants that the pleadings, interpreted in the light of the legal presumption attaching, set up a written contract between Mr. and Mrs. Brown. The fact is that the contract now under consideration is not the alleged oral agreement, which must always precede the writing and into which the law presumes it to have been merged. The contract is composed of the two wills considered together and so construed. Thus construed they do constitute a written contract based upon ample, definite and expressed considerations. A careful review of the whole evidence supports, confirms, and makes inevitable, this conclusion. By this written contract, (one-half of which, i. e., the will of J. S. Brown, was produced in evidence, and the execution of the other, i. e. the will of Mrs. Brown, its contents and its loss or destruction was proved by parole beyond question), the express trust found by the trial court was created.

Neither of the wills used the words "contract" or "consideration." Neither had any direct reference to the other, or to any previous agreement for their execution. Under such circumstances defendants contend that they cannot be construed together and interpreted into a contract and the execution of one be held the consideration for the execution of the other. With this contention we are unable to agree.

"Where mutual or reciprocal wills have been made pursuant to an agreement which has been executed by one of the testators dying without having made any different testamentary disposition of his property and the other has accepted the benefits accruing to him under the will of the deceased, the agreement becomes obligatory upon the survivor and may be enforced in equity against his estate." Alexander on Wills, Vol. I., Sec. 88. *Brown v. Webster, et al.,* 90 Neb. 591, 134 N. W. 185, 37 L. R. A. (N. S.) 1196.

It has been held that the mere fact of the execution of wills of the character and under the circumstances now before us, proves conclusively their contractual character. *Stevens v. Myers*, 91 Ore. 114, 177 Pac. 37, 2 A. L. R. 1155. New York holds not that this is conclusive proof, but that these were facts for the consideration of the trial court whose findings would not be disturbed. *Edson v. Parsons et al.*, 155 N. Y. 555, 50 N. E. 265. In Michigan it is held that two such wills, with oral evidence connecting them, as in the instant case, were contractual. "That the making of one was an inducement to the making of the other" and that the husband having died leaving his will in force equity would not permit the wife to violate that contract, but would "decree the performance of the agreement * * * or take such steps as should be necessary to prevent her from violating her part of the contract." *Carmichael v. Carmichael*, 72 Mich. 76, 40 N. W. 173, 176, 1 L. R. A. 596, 16 Am. St. Rep. 528.

That there exists ample authority for the finding of the trial court that the wills here under consideration were mutual and reciprocal, that they should be construed together, that so construed they constituted a contract between husband and wife, that the execution of one was the consideration for the execution of the other, and that after the death of the husband, the probate of his will and the distribution of his estate thereunder, the wife could not violate that contract by a revocation of her will seems to us beyond question. We are equally satisfied that such a construction and interpretation is compatible with justice and equity, and that the findings are supported by the evidence and are correct.

Several other minor questions are suggested by this record and argued in the briefs, none of which we deem it necessary here to discuss. Finding no reversible error the supersedeas is denied and the judgment is affirmed.

MR. JUSTICE TELLER not participating.

MR. JUSTICE ALLEN dissents.