No. 10,697.

FELLHAUER, ET AL. *v.* FELLHAUER, ET AL.

Decided May 5, 1924.

Action to enforce specific performance of an alleged oral agreement to devise lands. Judgment of dismissal.

### *Affirmed.*

1.  SPECIFIC PERFORMANCE—*Oral Agreement.* Oral agreements to devise lands when the facts clearly and convincingly prove that they were made, may be specifically enforced.

2.  *Oral Agreement—Insufficient Facts.* In an action to enforce specific performance of an alleged oral agreement to devise lands, it is held that there is not sufficient evidence of such a contract, or of part performance of the alleged agreement.

3.  EVIDENCE—*Admissions.* Testimony of admissions made by a person before his death, is weak evidence and of but slight probative effect.

*Error to the District Court of Pueblo County, Hon. James A. Park, Judge.*

Mr. W. O. PETERSON, for plaintiffs in error.

Mr. MILES G. SAUNDERS, for defendants in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

AT the close of the plaintiffs' evidence on a trial to the court, without a jury, of this action, whose object was to enforce specific performance of an oral agreement to devise farm lands, the court declined to hear from the defendants, deeming the plaintiffs' evidence insufficient, and thereupon, on the motion of the defendants, dismissed the action. Plaintiffs ask for reversal.

Albert Schneider, an aged German, owned 320 acres of land in Pueblo County. The result of tilling these lands by himself and tenants was not satisfactory. On this

account, and because of advancing age and inability to do the work himself, he sent to Germany for two nephews, Anton Fellhauer and Robert Fellhauer, sons of his sister, to whom, on their arrival at his home, he committed the cultivation of these lands, in which they continued for more than twenty-two years. Anton died in April, 1920. Albert Schneider died in January, 1922. Anton's wife died in March, 1922. The plaintiffs in this action are the children and sole surviving heirs at law of Anton. In their complaint they allege that in 1898, two years after the arrival of Anton and Robert, the nephews, Schneider and Anton entered into an oral agreement whereby the uncle agreed to give and devise to Anton, or, in the event of his demise, then to his children, the west 120 acres of this land and the appropriate shares of certain ditch and water rights used for its irrigation, "in consideration of work and labor other than in his own cultivation and improvement of said premises, to be performed for said Albert Schneider by said Anton Fellhauer, and in consideration that Anton Fellhauer should clear, cultivate and improve said premises as he could and as his own and to pay to said Albert Schneider an annual rental therefor in such amount as they should agree from year to year. * * * That pursuant to said agreement and in reliance thereon, said Anton Fellhauer went into possession of and cleared, cultivated and improved said premises and built valuable improvements thereon and made the same his home and paid an annual rental therefor, in the amount agreed upon from year to year, and in all things complied with his part of said agreement up to the time of his death on April 8, 1920." It is then alleged that, in violation of this oral agreement, which it is claimed was thus partly performed by Anton, Albert Schneider made his last will and testament, which has been admitted to probate, and therein and thereby devised to one of the defendants, Albert Fellhauer, the west 120 acres of said premises and the water right, the tract he agreed to devise to Anton, and to Robert Fell-

hauer the east 200 acres of said premises, together with its proportionate share of the ditch and water rights.

It appears not only from the complaint but also by the evidence produced at the trial, that Schneider, the owner of the lands, had caused a line to be drawn and a division fence erected thereon separating the 320 acre tract, which was known as the east and west parts, the west part of which was occupied and cultivated by Anton, and the east part by Robert, Fellhauer.

A reading of the evidence leads us, as it led the trial court, to believe, and which in its oral opinion brought up in this record the court emphasizes, that these plaintiffs and their father Anton were led to believe that they would get the west 120 acres of this land when Mr. Schneider died, and we regret, as did the trial court, that the well-settled doctrine, which this court has on more than one occasion declared, prevents the courts from enforcing the alleged contract. It was with the desire and hope, therefore, to find if possible some sufficient satisfactory evidence that we have examined carefully the record to ascertain if there was not therein something, overlooked by the trial court, that has the probative effect required in such cases. Agreements of this kind, when the facts clearly and convincingly prove that they were made, may be specifically enforced. *Brown v. Johanson,* 69 Colo. 400, 194 Pac. 943. "The promise (to make a will) must be based upon sufficient consideration, and, where the statute of frauds so requires, must be in writing, unless there is part performance sufficient to take the case out from under the statute." 28 R. C. L. 65. Our statute of frauds so requires. We are constrained, as was the trial court, to say that there was not sufficient evidence in this case that the work and labor and other things done by Anton constituted a part performance of the alleged oral agreement. Neither does it appear by sufficient satisfactory evidence that Anton and his uncle ever made the agreement alleged. There is testimony of numerous witnesses, bearing the stamp of truthfulness and evincing their honesty, that they heard in casual con-

versations at different times with Schneider many years ago that he intended to leave to Anton at his death the property which plaintiffs claim they are entitled to have impressed with the trust arising out of this oral agreement. Schneider thereafter made his will and otherwise disposed of this property. That will has been admitted to probate and has not been set aside. Clear and convincing proof that it was made in violation of a valid contract made by him must be produced before the will could be set aside, or before the alleged oral agreement could be enforced. In *Von Trotha v. Bamberger*, 15 Colo. 1, (24 Pac. 883) this court, at page 12, said: "Acts of part performance, such as will furnish a foundation for enforcing a verbal contract respecting land otherwise void under the statute of frauds, must be such as are done in pursuance, or according to the terms, of the contract, and which in some manner affect or change the relation of the parties in respect to the property whereby one of the parties would be defrauded if the contract were not enforced." Such part performance on the part of Anton, as shown by the evidence, is as consistent with the theory that it was done by him as a tenant and as compensation for the use of the land, as that it was in compliance with the alleged oral agreement to devise; for it appears from the complaint, as well as in the testimony, that Anton paid an annual rental to Schneider from year to year in the amount that he and Schneider agreed upon from time to time. The complaint also alleges that Schneider was the owner of the premises and was the owner at the time of his death, subject, of course, to the provisions of the alleged contract. The tendency of some of the evidence to show that the alleged agreement was made when Schneider sent for his nephews to come from Germany, is to be disregarded because not only in the complaint but also at the trial the plaintiffs say that the agreement was made in 1898, two years after the nephews reached Colorado. There is also testimony in this record elicited upon cross-examination of the plaintiffs' witnesses, that at different times Anton

threatened to leave the lands because of his inability to get his uncle to say what compensation, or what provision the uncle, intended to make by will or otherwise for him. This court and other courts have said that admissions of a deceased person are weak evidence and of but slight probative effect. The only tangible evidence for the plaintiffs in this case, in support of their claim, is of this character and, as stated by the trial court, it was not sufficient to authorize enforcement of the alleged contract relied on. The court said that the testimony as to the alleged agreement was indefinite. There was no specific allegation as to just what work and labor Anton was required to perform, and no evidence at all as to the agreement including any ditch or water rights. The trial judge, after referring to the fact that the finding he felt obliged to make was not to be considered as any reflection on the character or truthfulness of the plaintiffs' witnesses, said that, in the nature of things, and our reading of the record so impresses us, it was impossible for the plaintiffs, in the circumstances, to produce any other kind of testimony; that it was very uncertain and indefinite as to what the alleged oral agreement was and likewise so indefinite as to the performance of the conditions imposed upon Anton that the alleged contract could not be enforced. We feel obliged under the fixed rule in such cases to say that the judgment dismissing the action must be sustained. In *Clarke v. Estate of Roberts,* 38 Colo. 316, 87 Pac. 1077, a claim filed against an estate was disallowed largely because of the character of the evidence in support of it. While that was not a suit for specific performance, what the court said as to the weakness of admissions of a deceased person being insufficient to establish a claim against an estate, is just as applicable to a suit for specific performance of an oral agreement to devise real estate which has been disposed of by a promissor by will in violation thereof.

The judgment, for the reasons stated, must, therefore, be affirmed.

Mr. Chief Justice Teller and Mr. Justice Sheafor concur.