89 P.2d 521

**SCHAUER v. SCHAUER et al.**

No. 4399.

Supreme Court of New Mexico.

Jan. 25, 1939.

Rehearing Denied April 24, 1939.

Edward D. Tittmann, of Hillsboro, for appellant.

Wm. A. Gillenwater, of Hot Springs, for appellees.

BRICE, Justice.

Plaintiff (appellant here) declined to amend his complaint after the trial court sustained a demurrer thereto, holding the facts alleged were not sufficient to constitute a cause of action; following which an order of dismissal was entered. From that order this appeal is prosecuted.

It is alleged: Plaintiff is the son of Joseph Schauer, who died February 1932, and the defendant is Joseph Schauer's widow and stepmother of plaintiff. At the time of the death of Joseph Schauer, he and defendant were possessed of certain community real estate known as the Texas Home.

In December 1931, Joseph Schauer and defendant each executed a last will and testament. Each of the wills was executed by the testator in consideration of the execution of the other will. "Prior to the execution and proclamation of said wills and testaments the terms and conditions and the grants and legacies and devises to be made by each of said last wills and testaments were agreed upon between the said Joseph Schauer and the said Fannie Schauer, and for the purpose of carrying into effect the said agreement the said Wills and testaments were executed and proclaimed."

Joseph Schauer's will, which was duly probated, provided:

"I give and devise to my beloved wife, Fanny Schauer, the property known as Lots five, six, seven and eight of Block One hundred and five in the original Townsite of Hot Springs, according to the survey and map thereof, familiarly known as the Texas Home, with all the improvements thereon and with all the furniture and equipment therein and belonging thereto. This property was acquired by the joint efforts of my wife and myself and is community property and this bequest is intended to convey my undivided one-half interest therein.

"My beloved son Joseph J. Schauer, of Gallup, has heretofore received from me a large share of my estate because of my love and affection for him, and I now leave and bequeath to him all the rest, residue, and remainder of my estate, of every kind and description both real, personal and mixed."

The will of defendant thus made, contained the following:

"I give and bequeath and devise to my beloved brothers and sisters, * * * an undivided one half interest in * * * Lots five, six, seven and eight in Block One Hundred and Five in the Original Townsite of Hot Springs, in Sierra Coun-

ty, State of New Mexico, according to the original plat and survey thereof, and in all the improvements thereon and in the furniture and equipment therein and belonging thereto. * * *

"All the rest residue and remainder of my estate, personal real and mixed I give, bequeath and devise to my husband's son Joseph J. Schauer, of Gallup, New Mexico, and to his heirs."

Subsequent to the death of her husband, the defendant entered into a contract to sell the Texas Home property to an unknown purchaser; and "intends to sell it and to defeat the devise to plaintiff." An injunction was sought to prevent the defendant from "alienating, conveying or otherwise disposing of the interest of this plaintiff in said real estate," and for general relief.

If the appellant is entitled to relief it must rest upon the following allegations in his complaint:

* * * That it appears from the will and testament as executed by the defendant, Fanny Schauer, that the said defendant gave, bequeathed and devised to this plaintiff all the rest, residue and remainder of her estate, after a devise of an undivided one half interest in the said hereinabove described real estate to certain devisees and legatees, being brothers and sisters and other relatives of the said Fanny Schauer. * * * That said Fannie Schauer intends to sell the said real estate and to defeat the devise to this plaintiff as set out in her said last will and testament, to the irreparable damage of this plaintiff. * * * "

If the words, "intends to sell and to defeat the devise, etc." could be construed to mean a fraudulent intent that would breach the contract, the question is not so presented.

The principal question (and the only one necessary to decide) is whether "there is or was intended any restraint on alienation of the property of the defendant, or * * * that any sale of her property during her lifetime would or could constitute any violation of the alleged agreement between Joseph Schauer and Fanny Schauer to make mutual wills."

When mutual wills are executed pursuant to an oral contract and upon sufficient consideration, and one testator thereafter dies and the other takes under the deceased's will, equity will specifically enforce the contract. Doerfer's Estate, 100 Colo. 304, 67 P.2d 492; Meador v. Manlove, 97 Kan. 706, 156 P. 731; St. Denis et al. v. Johnson, 143 Kan. 955, 57 P.2d 70; Smith et al. v. Thompson et al., 250 Mich. 302, 230 N.W. 156, 73 A.L.R. 1389; Rastetter et al. v. Hoenninger et al., 214 N.Y. 66, 108 N.E. 210; Rolls v. Allen, 204 Cal. 604, 269 P. 450; see annotations in 102 A.L.R. 491, and previous annotations on the same subject.

The statute of frauds does not apply to such an oral contract, upon the theory that it has been performed on the part of the deceased; and to prevent fraud it will be specifically enforced against the

other party to it. Boyle v. Dudley, 87 N. H. 282, 179 A. 11; Bichel v. Oliver, 77 Kan. 696, 95 P. 396; Wilson et al. v. Starbuck et al., 116 W.Va. 554, 182 S.E. 539, 102 A.L.R. 485, and annotations.

■ It is generally held, though not without dissent, that a third party who is a beneficiary by the terms of such contract can enforce its specific performance, and we so hold. Doerfer's Estate, supra; Doyle v. Fischer, 183 Wis. 599, 198 N.W. 763, 33 A.L.R. 735; Smith v. Thompson, supra; Pfeiffer v. Kemper, 244 Ill.App. 474; Seaver v. Ransom, 224 N.Y. 233, 120 N.E. 639, 2 A.L.R. 1187; and see annotations in 73 A.L.R. 1395, and prior annotations on the same subject.

It was held in Lewis v. Lewis, 104 Kan. 269, 178 P. 421, that where a husband and wife leave the survivor a life estate, with the remainder to their children, that the will itself proved a contract. The court said [page 423]: "How could such a will be voluntarily executed if there was no agreement or understanding that it would be made? The will itself, its terms, and its execution are evidence that such a contract was made." And see Bichel v. Oliver, supra; Maurer et al. v. Johansson et al., 223 Iowa 1102, 274 N.W. 99; Brown v. Johanson, 69 Colo. 400, 194 P. 943. On the other hand it has been held that to prove such contract its existence and terms must be established by the most clear and satisfactory evidence and must be complete and definite in its terms. Wanger et al. v. Marr et al., 257 Mo. 482, 165 S.W. 1027.

■ The rule of evidence to establish the existence and terms of such parole agreement is that which applies to other cases for the enforcement of the specific performance of oral contracts, the subject matter of which is covered by a writing, or under ordinary circumstances would be within the statute of frauds. In such cases the existence of the contract and its terms must be proved by clear, convincing and satisfactory evidence. Bowen v. Galloway, 125 Kan. 568, 264 P. 1038; Everett v. Gunther, 107 N.J.Eq. 591, 153 A. 591; Baker v. Fowler, 215 Iowa, 1157, 247 N.W. 676; Travelers' Insurance Co. v. Scott, 154 Md. 414, 141 A. 348; Van Houten v. Vorce, 259 Mich. 545, 244 N.W. 157.

■ No doubt if the wills themselves, or their contents together with other evidence produced, is of such satisfactory character, it will be sufficient. Maurer v. Johansson, supra; Brown v. Johanson, supra.

■ The fact that the defendant made a will in which her deceased husband's son by a prior marriage was a beneficiary, is some evidence, though not conclusive, that such a contract was made.

■ The rule, we think, is correctly stated in Bichel v. Oliver, 77 Kan. 696, 95 P. 396, as follows [page 397]: "An oral agreement that operates as a transfer of land must, of course, be made out by clear and satisfactory proof but it is not essential that it be established by direct evidence. If the facts and circumstances

214

brought out are such as to raise a convincing implication that the contract was made and to satisfy the court of its terms, and that there would be no inequity in its enforcement, it is enough."

Assuming, as we must, that the defendant and her deceased husband entered into the contract pleaded, and that in pursuance of such contract the wills referred to were made, then the contract is binding on the defendant.

But by the terms of Schauer's will he devised to defendant his interest in the Texas Home property, without restraint on the power of alienation; and therefore she is the sole owner of the property with power of alienation.

We cannot assume that the intended sale of the Texas Home property has been conceived, and will be carried out, with the fraudulent intent of depriving plaintiff of the benefit of the contract in question, or that it will do so; so as to bring the case within the rule that a court of equity will protect beneficiaries under such contracts by the exercise of such of its powers as are necessary to meet the situation presented, though there was no restraint on alienation. Rolls v. Allen, supra; Doyle v. Fischer, supra; Allen v. Ross, 199 Wis. 162, 225 N.W. 831, 64 A.L. R. 180; Rastetter v. Hoenninger, supra; Bower v. Daniel, 198 Mo. 289, 95 S.W. 347; Phillip v. Phillip, 96 Misc. 471, 160 N.Y.S. 624; Carmichael v. Carmichael, 72 Mich. 76, 40 N.W. 173, 1 L.R.A. 596, 16

Am.St.Rep. 528; Price v. Aylor, 258 Ky. 1, 79 S.W.2d 350.

But here the contention is that plaintiff was devised some interest in the Texas Home property by the terms of the residuary provision in Schauer's will; and that a sale of the property will deprive him of that interest; not that the sale was conceived, and will be carried out, to defraud plaintiff of his rights under the contract.

The judgment of the district court is affirmed.

It is so ordered.

BICKLEY, C. J., and ZINN, SADLER, and MABRY, JJ., concur.